Filed March 30, 1886.

---

No. 12,978.

THE STATE v. RICE.

CRIMINAL LAW.—*Desertion of Wife.*—*Indictment.*—An indictment under section 2133, R. S. 1881, charging a husband with deserting his wife "without making provision for her comfortable support," instead of leaving her without provision for comfortable support, as provided by the statute, is bad on motion to quash.

SAME.— *When Desertion not Criminal.*—Under such section, where the wife or children are, at the time of the desertion, left with a comfortable support, whether provided by the husband, or possessed in the right of the wife or children, the desertion is not criminal.

From the Warrick Circuit Court.

*W. A. Land,* Prosecuting Attorney, for the State.

*J. B. Handy, C. W. Armstrong* and *J. B. Cockrum,* for appellee.

MITCHELL, J.—The State brings this appeal, and asks the reversal of a ruling of the court below, in sustaining a motion to quash an indictment.

It is charged in the indictment, that Isaac Rice, on a date

mentioned, unlawfully, and without cause, deserted his wife Mary E. Rice, without making provision for her comfortable support, contrary to the form of the statute.

Section 2133, R. S. 1881, enacts as follows: " Whoever, without cause, deserts his wife, child, or children, and leaves such wife or child or children a charge upon any of the counties 'of this State, or without provision for comfortable support, shall be fined," etc.

The charge is that the defendant, without cause, deserted his wife " without making provision for her comfortable support." On behalf of the defendant, it is contended that the crime consists in the causeless desertion of a wife by a husband, the wife being at the time without provision for comfortable support. Accordingly, it is argued that if the wife had at the time she was deserted sufficient provision for her comfortable support, it was no offence within the statute that the husband deserted her without making such provision. This is the view upon which the court sustained the motion to quash. We think it was correct. The penalty of the statute is denounced against the husband or father who, without cause, deserts and leaves his wife, child or children, without provision for comfortable support. Where, however, the wife, child or children are, at the time of such desertion, left with a comfortable support, whether such provision was made by the husband or father, or is possessed in the right of the wife, child or children, the desertion is not criminal within the statute. If it were otherwise, a worthless husband might be fined for deserting his wife, even though she possessed a fortune amply sufficient for her support.

The offence should have been charged in the language of the statute. As charged, it nevertheless remained open to inference that the wife may have been left with abundant provision for her comfortable support, although such provision was not made by the husband.

The judgment is affirmed.

Filed April 1, 1886.