PEOPLE v. MALSCH.

1. HUSBAND AND WIFE—NONSUPPORT—PROSECUTION UNDER DIS-
ORDERLY ACT.

Under 3 How. Stat. § 1997a, declaring "all persons who, being
of sufficient ability, refuse or neglect to support their fami-
lies, or who leave their wives or children a burden on the
public," to be disorderly persons, one who refuses or neglects
to support his family is within the statute, although the
family does not become a public charge.

2. SAME—COMPETENCY AS WITNESSES—STATUTES—REPEAL.

3 How. Stat. § 7546, enacted in 1885, provided that a wife should
be a competent witness against her husband in cases growing
out of the husband's refusal or neglect to support his family,
within the meaning of Act No. 136, Pub. Acts 1883. 3 How.
Stat. § 1997a, enacted in 1889, while in terms repealing the
statute of 1883, re-enacted its identical provisions, so far as
the same were involved in the statute of 1885, relating to the
competency of witnesses. Held, that the wife is a competent
witness in a prosecution under the statute of 1889.

3. SAME—NONSUPPORT—DEFENSES.

A husband cannot justify his abandonment of his wife and
child without support on the ground that he did so that he
might give his services to his father, in the expectation of
succeeding to the latter's property.

Exceptions before judgment from Berrien; Coolidge, J.
Submitted November 18, 1898. Decided December 28,
1898.

Albert Malsch was convicted of refusing and neglect-
ing to support his family. Conviction affirmed.

O'Hara & O'Hara, for appellant.

G. M. Valentine, Prosecuting Attorney, for the people.

HOOKER, J. The defendant was convicted upon a
complaint and warrant charging that—

"Albert Malsch, of said township of Lake, has been, and is, a disorderly person, within the meaning of section 1 of Act No. 264 of the Public Acts of Michigan of 1889, being section 1997$a$ of 3 Howell's Annotated Statutes of the State of Michigan, and amendments thereto, for that the said Albert Malsch, at the township of Lake, in said county, during and at the times aforesaid, he, the said Albert Malsch, being then and there a married man, with a wife and child then and there lawfully dependent upon him, the said Albert Malsch, for their support, and he, the said Albert Malsch, being then and there, during and at the times aforesaid, a person of sufficient ability so to do, has during said time, and does, refuse and neglect to support or contribute towards the support of his said wife and child, contrary to the provisions of the statute," etc.

The statute reads:

"All persons who run away, or threaten to run away, and leave their wives or children a burden on the public; all persons who, being of sufficient ability, refuse or neglect to support their families, *or* who leave their wives or children a burden on the public;  *  *  *  shall be deemed disorderly persons."

The point is made that the complaint and warrant contain no allegation that the wife and child were left a burden upon the public, and that the testimony fails to show such fact; and it is urged that for this reason the court should have directed a verdict of acquittal. Counsel cite several cases which hold that similar acts are designed to redress public grievances, rather than to provide a remedy for the wife, in addition to those afforded by civil proceedings. *People* v. *Naehr*, 1 N. Y. Cr. R. 513; *People* v. *Walsh*, 11 Hun, 292; *Bayne* v. *People*, 14 Hun, 181; *State* v. *Watson*, 58 N. J. Law, 499. An examination will show that all of these cases arose under statutes clearly making the injury to the public an essential element. In New Jersey, complaint could only be made by an officer when the public interests were affected. The New York cases arose under statutes including similar provisions, and not containing the clause in our statute

upon which the counsel for the people rely, viz. : "All persons who, being of sufficient ability, refuse or neglect to support their families." These cases are distinguished from the case of *People* v. *Pettit*, 3 Hun, 416, upon the express ground that neglect to support was an ingredient of the offense under former laws, and was stricken out by amendment. See *People* v. *Walsh*, 11 Hun, 293; Laws N. Y., 1844, chap. 174, § 6. The language of our law (section 1997*a*), by its terms, covers the case of one who refuses or neglects to support his family; and we think it was not the intention to limit the liability of the husband to instances where the public has actually been called upon to afford relief, thus denying liability where a wife, through her own exertions or the aid of friends, avoids pauperism. The statute is broad enough in its terms to cover all cases of unjust neglect, and we think it should not be limited by the construction contended for. This view receives corroboration from the fact that the former provisions of the law (1 How. Stat. § 1985) very clearly supported the contention of the defendant's counsel. It read, "All persons who  *  *  *  refuse or neglect to support their families, *and* leave their wives or children a burden on the public;" whereas the present law contains "or" instead of "and," as does the law of 1883.

The law of 1885 (3 How. Stat. § 7546) provides that "a wife shall not be examined as a witness for or against her husband without his consent, except in cases where the cause of action grows out of a personal wrong or injury done by one to the other, or grows out of the refusal or neglect to furnish the wife or children with suitable support, within the meaning of Act No. 136 of the Session Laws of 1883." In 1889 an act was passed entitled "An act relative to disorderly persons, and to repeal chapter 53 of the Compiled Laws of 1871, as amended by the several acts amendatory thereof," of which amendatory acts said Act No. 136, Pub. Acts 1883, was one. Although the act of 1889 substantially re-enacted section 1 of chapter 53 (*i. e.*, Act No. 136, Pub. Acts 1883), it is contended that

such act is repealed, and that the provisions of section 7546 cannot apply to the new disorderly act passed in 1889. The law of 1885 refers to the then-existing disorderly act, instead of repeating the substance of its pertinent provisions. By such reference, such act became a part of the act of 1885; and it is an established rule that in such a case it is not affected by a subsequent repeal of the act referred to. See End. Interp. Stat. § 492. We have followed this rule in the cases of *Darmstaetter* v. *Moloney,* 45 Mich. 621, and *Regents of University of Michigan* v. *Auditor General,* 109 Mich. 134. The provisions of the present disorderly act are identical with those of the act of 1883, so far as the former were incorporated in section 7546. We are of the opinion that such section authorized the reception of the testimony of the wife.

Of the other questions, little can be said of interest to the profession. We think the cross-examination of the defendant was proper, as it tended to controvert the claim that his wife had abandoned him, and improperly refused to accept the support which he offered to give her at the home of his father. To our minds, the proposition that the husband was at liberty to leave his wife and child without support, that he might give his services to his father, in the expectation of succeeding to his rights in the paternal home after his father should die, is not tenable. He cannot thus escape his domestic and public obligations.

We find no error, and the circuit court is directed to proceed to judgment.

The other Justices concurred.