## THE STATE *v.* LANGDON.

[No. 19,915. Filed October 31, 1902.]

CRIMINAL LAW.—*Wife Desertion.*—*Limitation of Actions.*—The crime of wife desertion described in §2254 Burns 1901, is not a continuing offense, and, after two years from the time the husband leaves his wife, prosecution therefor is barred by the statute of limitations.

From Knox Circuit Court; *O. H. Cobb,* Judge.

John E. Langdon was charged with wife desertion. A motion to quash the affidavit and information was sustained. From a judgment discharging defendant, the State appeals. *Affirmed.*

*W. L. Taylor,* Attorney-General, *W. S. Hoover, J. W. Emison* and *W. W. Moffett,* for State.
*J. T. Goodman, W. A. Cullop* and *G. W. Shaw,* for appellee.

DOWLING, C. J.—Prosecution by affidavit and information for a violation of the following statute: "Whoever, without cause, deserts his wife, child, or children, and leaves such wife, or her child, or children a charge upon any of the counties of this State, or without provision for comfortable support, shall be fined not more than $100, nor less than $10." §2254 Burns 1901, §2133 R. S. 1881 and Horner 1901. The affidavit and information were filed May 17, 1902. The charge set forth in each is that the appellee on July 28, 1894, at Knox county, Indiana, without cause, deserted his wife, leaving her without provision for comfortable support; that the appellee and his said wife thereafter remained residents of said county; and that such desertion continued until the filing of the affidavit and information. A motion by appellee to quash the affidavit and information was sustained, and, by the judgment of the court, the appellee was discharged.

State *v.* Langdon.

The State appeals, and the errors assigned and discussed are the rulings of the court upon the motion to quash each count of the affidavit and information. The point made by the appellee upon the motion to quash and in this court is that the affidavit and information show upon their face that the supposed offense was committed more than two years before the filing of the affidavit and information, and, therefore, was barred by the statute of limitations. §1665 Burns 1901, §1596 R. S. 1881 and Horner 1901.

Counsel for the State contend that the offense charged was a *continuing* one, and that upon a proper construction of the statute, the prosecution could be commenced at any time while the desertion lasted.

To desert is to forsake or abandon with the intention of not returning, and, under §2254, *supra,* the crime consists in forsaking the wife under certain conditions which are particularly named in the statute. The desertion must be without cause; and the wife must be left a charge upon some county of this State, or without provision for comfortable support. Unless these conditions exist at the very time the husband deserts his wife, the criminal offense defined in §2254, *supra,* is not committed. If the husband deserts his wife upon a sufficient legal cause,—for example, habitual drunkenness,—and she afterwards reforms, then, although he still refuses to live with her and maintain her, he can not be convicted under the statute making desertion a crime. Or if he abandons her without cause, but with provision at the time for her comfortable support, he is not subject to indictment for such desertion, although the provision for her comfortable support subsequently fails. The criminal offense created by §2254, *supra,* is not to be confounded with the violation of the civil obligation to live with, and to make reasonable provision for the support of the wife. The latter is a continuing duty, which exists, with few exceptions, as long as the relation of husband and wife remains. The natural and probable defenses to an

indictment or information for the criminal desertion of a wife are that the husband did not forsake her, or that he had sufficient cause for so doing, or that he did not leave her a charge upon any county in this State, or without provision for support. If, after five, ten, or twenty years, the husband might be indicted for leaving his wife, proof of the fact that he had lived apart from her and failed to support her would be easy; but proof of the cause for which he abandoned her, or of the conditions existing at that time, might be difficult or impossible.

In *United States* v. *Irvine,* 98 U. S. 450, the defendant was indicted for *withholding* from his principal and client pension money collected by him for her under the pension laws of the United States. The money was demanded by the client December 24, 1870. The indictment was found September 15, 1875. It was held that the prosecution was barred by the statute of limitations of two years. In the course of the opinion in that case, Miller, J., said: "But whatever this may be which constitutes the criminal act of withholding, it is a thing which must be capable of proof to a jury, and which, when it once exists, renders the party liable to indictment. There is in this but one offense. When it is committed, the party is guilty and is subject to criminal prosecution, and from that time, also, the statute of limitations applicable to the offense begins to run. It is unreasonable to hold that twenty years after this he can be indicted for wrongfully withholding the money, and be put to prove his innocence after his receipt is lost, and when perhaps the pensioner is dead; but the fact of his receipt of the money is matter of record in the pension office. He pleads the statute of two years, a statute which was made for such a case as this; but the reply is: You received the money. You have continued to withhold it these twenty years; every year, every month, every day, was a withholding, within the meaning of the statute. We do not so construe the act. Whenever the act or series

of acts necessary to constitute a criminal withholding of the money have transpired, the crime is complete, and from that day the statute of limitations begins to run against the prosecution."

Not only would the defendant be placed at an unfair disadvantage if the offense is held to be a continuing one, and therefore not barred by the statute, but he would be liable to successive prosecutions as long as the abandonment continued. Another result of the construction asked for by the State is that the act of desertion, though not criminal at the time it occurred, might afterwards become criminal because of a change in the financial circumstances of the wife or child. We can not believe that the legislature intended these consequences.

There is no similarity between the offense created by §2254 Burns 1901, and the misdemeanor of creating a public nuisance such as the obstruction of a highway. In the former case the crime consists of a single completed act committed under certain specific conditions. In the latter, the maintenance of a nuisance is a crime which the law forbids and punishes. If the statute under review, instead of making the *desertion* of a wife or child a criminal offense, had declared that a failure to make reasonable provision for these persons should be a crime, and punishable as such, then a failure to make such provision, without reasonable excuse, would be a continuing offense, and it would be contemporaneous with the continuance of the relations mentioned in the statute.

The criminal offense is against the public, and not against the deserted wife or child. It consists in conduct which the law deems pernicious to the public morals, and likely to subject the county to charges for the maintenance of the deserted wife or child. If innocent when it occurs, it can not afterwards become criminal. If subject to prosecution as soon as committed, the statute begins to run against it at that time.

None of the decisions in civil cases, where the action was for the maintenance of a wife or child, applies here for the reason that the obligation of the husband and father to support his wife and child exists and continues until suspended or discharged by law; while the crime of desertion is a single act, defined by the statute, and capable of being committed only under the circumstances therein described.

Our construction of §2254, *supra,* is sustained by the language of the court in *Rice* v. *State,* 106 Ind. 139, where it is said that "The penalty of the statute is denounced against the husband or father who, without cause, deserts and leaves his wife, child, or children, without provision for comfortable support. Where, however, the wife, child, or children are, at the time of such desertion, left with a comfortable support, whether such provision was made by the husband or father, or is possessed in the right of the wife, child, or children, the desertion is not criminal within the statute."

We find no error in the rulings of the court in quashing the information. Judgment affirmed.