## COUNTY COURT—ORANGE COUNTY.

### Jan. 1908.

# THE PEOPLE v. CHARLES L. ROMAINE.

(57 Misc. 571.)

(1). DISORDERLY CONDUCT—WHAT CONSTITUTES OFFENSE—FAILURE TO SUPPORT WIFE.

Where, after a wife had failed to recover in an action for alienation of her husband's affections, they separate, and, after seventeen years, during which period he contributes to her support, he refuses, though earning good wages, to further contribute, upon the ground that he is not liable for her support unless she lives with him, and her own earnings are insufficient for her support, he is properly convicted of being a disorderly person under section 899 (1) of the Code of Criminal Procedure.

(2.) SAME.

That the wife might have brought an action for divorce and alimony is no answer to the charge of nonsupport.

APPEAL from an order of a police justice that defendant convicted, under Code of Criminal Procedure, § 899 (1), of being a disorderly person, furnish an undertaking for the support of his wife.

C. E. & S. M. Cuddeback, for appellant.

Thomas C. Rogers, District Attorney, for the People.

SEEGER, J.   This proceeding was instituted on the part of the People to compel the defendant, the husband of the complainant, Frances Romaine, to provide for the support of his wife in order that she may not be a public charge pursuant to the provisions of subdivision 1 of section 899 of the Code of Criminal Procedure. The police justice found and decided that the defendant had actually abandoned his wife without adequate support and had left her in danger of becoming a bur-

den upon the public, and neglected to support her according to his means.

The complainant and defendant were married in 1871, and lived together about twenty years. They separated about 1890. The complainant accused defendant of intimacy with another woman and brought an action against the woman for damages for alienating the affections of the defendant and failed to recover.

The complainant and defendant were residing at Newburg at the time of the occurrences out of which this action grew. They had formerly resided at Port Jervis. The parties then separated, the complainant returning to Port Jervis with the defendant's consent, and the defendant has since resided at Jersey City and New York, and ever since until December, 1906, the defendant contributed toward the support of the complainant from twenty dollars to fifty dollars per month. In December he stopped making such payment and has not since contributed anything toward her support. While the defendant has not been steadily employed all the time since the payments ceased he does not place his refusal to contribute toward the support of the complainant upon that ground, but upon the ground that he is not liable to contribute toward his wife's support unless she lives with him. It does not appear that he ever asked her to live with him before the institution of this proceeding, nor that he has provided any home for her, but it does appear that he spends at least a part of his time at the house of the same woman that the complainant accused of intimacy with defendant, and that he has a regular home. Upon the hearing before the justice the defendant testified that he was willing and ready to provide for the support and maintenance of the complainant, and to provide a home for her in Jersey City. The good faith of this offer the complainant had good reason to doubt under the circumstances, and it came too late to constitute a bar to this proceeding.

That the complainant is in danger of becoming a burden upon the public when this proceeding was begun was amply proven. She is an aged woman. Her husband had neglected and refused to contribute anything for her separate maintenance and failed to furnish a home for her or to request her to live with him. Her earnings are not sufficient for her support.

It is no answer to this charge that the wife may bring an action against the defendant for divorce and alimony. The courts do not favor divorces and many persons have conscientious and religious scruples against such actions. A wife should not be driven into a divorce court by her husband by starvation. It is to the credit of the complainant that she has preserved the sanctity of the marriage relation during all the years of her separation from her husband and that she prefers to work for her living and to get along without the aid of the divorce court; she is entitled to such assistance as the laws of the State may secure her from her husband. He is a locomotive engineer earning good wages, and should be able to comply with the order of the police justice and furnish an undertaking that he will support his wife and indemnify the public against her becoming a public charge.

The certificate of conviction should be affirmed. Judgment of affirmance entered directing its execution pursuant to section 766 of the Code of Criminal Procedure.

Ordered accordingly.