COUNTY COURT—ORANGE COUNTY.

Jan. 1913.

## THE PEOPLE v. CHARLES J. MEARA

(79 Misc. 57.)

(1.) DISORDERLY PERSONS *—WHO CONSIDERED CODE CRIM. PRO., § 899—
ABANDONMENT OF WIFE AND CHILD.†

Where a husband, residing in the city of New York, fails to provide for his wife and child, according to his means in the home of her parents in another county, to which she went by his authority and direction, and upon his promise to support her there, he must be considered as having abandoned his wife and child at the latter place, and is properly convicted of being a disorderly person under section 899 (1) of the Code of Criminal Procedure.

APPEAL from a judgment of Charles H. Stark, justice of the peace of the town of Highlands in the county of Orange, convicting the defendant of being a disorderly person, in violation of section 899, subdivision 1, of the Code of Criminal Procedure, upon the charge of his wife, Ella F. Meara, charging him with the abandonment of his said wife and child, without adequate support, and leaving them in danger of becoming a burden upon the public, and neglecting to provide for them according to his means.

John J. Meara, for appellant.

J. D. Wilson, Jr., district attorney of Orange county, for respondent.

SEEGER, J.   The complainant and defendant were mar-

---

* See Note 14–412.
† See Note 27–247.

ried about nine years before the conviction at Haverstraw, in the county of Rockland. Issue of the marriage is one child, about eight years of age. The defendant lived with his wife and child in several places, and was living with them in the city of New York in February, 1909. He then sent his wife and child to Highland Falls in the county of Orange, where her parents then resided, and promised to support them there. Since that time he has never contributed anything whatever to the support of his said wife and child. He came to Highland Falls occasionally to visit his parents, but visited his said wife and child only once, on January 18, 1911. She then went to New York with him at his request ostensibly for the purpose of arranging to go housekeeping there where the defendant proposed to go in business. The visit did not result in any satisfactory arrangement, and the defendant conducted his wife back to the train at Weehawken and left her, saying that he would go in the smoking car as he wanted to talk with a friend whom he saw on the station platform. When she arrived at Highland Falls she looked for him, but he was not on the train. On his next visit to Highland Falls on March 4, 1911, she had him arrested upon the complaint in question, she having in the meantime written to him.

The complainant has no means for the support of herself and child and is entirely dependent upon her parents who themselves have no means, so that she is in danger of becoming a public charge.

There is no question that the defendant is liable for the violation of the statute above mentioned, and the only other question raised on this appeal is as to whether he is liable to prosecution in the county of Orange, it being contended that the abandonment, if any, was consummated in New York county in February, 1909, and not subsequently in Orange county.

This point is not well taken.  The defendant did not abandon his wife in New York.  He took or sent her to Orange county promising to support her there, and she went there with her child by his authority and direction.  By failing to provide for her according to his means in the place to which he had sent her, he must be considered as having abandoned her in that place.

In any event he left her in that place and is, therefore, liable under the statute for leaving his wife and child in danger of becoming a burden upon the public in that place. People ex rel. Commissioner of Public Charities v. Wexler, 152 App. Div. 67.

The judgment of conviction should, therefore, be affirmed.

Judgment of conviction affirmed.