## Staunton

### DRAPER. v. COMMONWEALTH.

September 11, 1913.

Absent, Keith, P.

1. CRIMINAL LAW—*Non-Support of Wife—Evidence—Other Children to Support.*—On the prosecution of a husband for the non-support of his wife, evidence that he had two small children by a former wife dependent upon him for support is inadmissible where the non-support of the wife was total.

2. CRIMINAL LAW—*Non-Support of Wife—Wife Self-Supporting After Separation.*—The fact that the wife, after separation from her husband, caused by his misconduct, takes service and supports herself in no condonation of his offense, and no answer to an indictment against him for her non-support.

3. CRIMINAL LAW—*Non-Support of Wife—Motive for Prosecution— Testimony of Wife.*—On the prosecution of a husband for the desertion and non-support of his wife, it is immaterial to enquire what motive may have actuated her to testify against him, as the prosecution is one by the Commonwealth against the accused for a violation of the criminal law of the State.

Error to a judgment of the Corporation Court of the city of Roanoke.

*Affirmed.*

The opinion states the case.

*Hairston & Willis,* for the plaintiff in error.

*Samuel W. Williams, Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review the judgment of the corporation court of Roanoke city of conviction of the accused, James Draper, under Va. Code, sec. 3795-c, for desertion and non-support of his wife.

The evidence sustains both allegations of the indictment; and, therefore, if a motion to direct a verdict in favor of the accused were permissible at all under our procedure, it was properly overruled in this instance.

The other errors assigned by the accused which demand notice are these: (1) The refusal of the court to admit evidence to show that the accused had two small children by a former marriage dependent upon him for support.

Such evidence is inadmissible where the non-support of the wife, as in this case, *was total.*

(2) The second instruction asked by the accused and refused by the court amounts to this: that a husband cannot be found guilty of non-support of his wife when, after a separation between them, caused by his misconduct, the wife takes service and supports herself. In other words, that such action on the part of the wife operates a condonement of the offense. To state the proposition is to answer it.

(3) The last instruction, which the court also refused, told the jury "that if they believed from the evidence that the wife . . . caused this indictment to be made because of her ill-will and hatred for her husband, and not because of his alleged desertion and neglect, then they must find for the defendant not guilty."

There is no evidence to sustain this instruction; but, if there had been, this is a prosecution by the Commonwealth against the accused for violation of the criminal law of the State, and whatever motive may have actuated the wife to testify against him is immaterial.

In any view of the case, the judgment is plainly right and must be affirmed.

*Affirmed.*