STATE *v.* SAM LATHAM.

*(Jackson.* April Term, 1916.)

1. **CONSTITUTIONAL LAW.** Failure to support. Statute penalizing. Imprisonment for "Debt."

Acts 1915, chapter 125, penalizing the offense of willfully and without cause neglecting and failing to provide for one's wife, is not violative of Const. art. 1, section 18, providing that the legislature shall pass no law authorizing imprisonment for debt in civil cases; the word "debt," as used, covering only such obligations as arise between debtor and creditor by express contract or by the law's implication. (*Post, pp.* 33-35.)

Acts cited and construed: Acts 1915, ch. 125.

Cases cited and approved: Adams v. Adams, 80 N. J. Eq., 175; Ex parte Davis, 101 Tex., 607; Carr v. State, 106 Ala., 35; State v. Prudential Coal Co., 130 Tenn., 275; People v. Heise, 257 Ill., 443; Ex parte Bridgeforth, 77 Miss., 418; State v. Morgan, 141 N. C., 726.

Case cited and distinguished: State v. English, 101 S. C., 304.

Constitution cited and construed: Art. 1, sec. 18.

2. **HUSBAND AND WIFE.** Failure to support. Statute penalizing Validity.

Said law is valid, though not directed alone against a husband who allows his wife to become a public charge, involving the public interest, but purports to punish a husband whose wife may be able to earn her livelihood independently of him, since the legal duty to support does not rest only on husbands of wives who are indigent or who may be so but for their own endeavors. (*Post, pp.* 35-37).

Cases cited and approved: People v. Malsch, 119 Mich., 112; Poole v. People, 24 Colo., 510; Commonwealth v. Acker, 197 Mass., 91; Draper v. Commonwealth, 115 Va., 941.

Case cited and distinguished: State v. Waller, 90 Kan., 829.

State v. Latham.

3. **JURY. Right to trial by. Infringement. Nonsupport statute.** Nor is the act unconstitutional, as denying the right to trial by jury, in that the judge of the juvenile court, on plea of guilty, and the judge of the criminal court, on plea of guilty, following a binding over, indictment, and arraignment, or on plea of not guilty, and a trial resulting in a finding of guilty, are given power to fix the amount of bond to be executed by defendant to secure payments towards the wife's support, as the statute makes no effort to deny a trial of the issue of the guilt or innocence of defendant by a jury, while the power to declare what shall be the appropriate punishment for an ascertained crime belongs solely to the legislature, and the assessment of punishment may be assigned to the judge. (*Post*, *pp.* 37,38.)

Case cited and approved:   Woods v. State, 130 Tenn., 100.

---

FROM LAUDERDALE.

---

Appeal from the Circuit Court of Lauderdale County.—S. J. EVERETT, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, and JULIAN G. STRAUS, for the State.

CRAIG & BULLOCK, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The State has appealed from a judgment of the circuit court, quashing an indictment of the defendant in error, which indictment is, omitting formal parts, as follows:

"That Sam Latham . . . unlawfully, willfully and without good cause, did neglect and fail to provide for his wife, Viola Latham, according to his means, she being then and there the lawful wife of him, the said Sam Latham."

The motion to quash challenged the constitutionality of the act on which the indictment was based (Act 1915, chapter 125); it being urged: (a) That the act provides imprisonment for debt; (b) denies in a criminal case a trial by jury; (c) deprives the accused of his property and liberty without due process of law; and (d) that it was not competent for the legislature to provide for a crime, the penalty for the commission of which is not made payable to the state for the benefit of the public at large.

Section 1 of the act makes it a misdemeanor for any husband to willfully and without good cause neglect or fail to provide for his wife according to his means, or leave her destitute, or in danger of becoming a public charge.

Section 2 provides that on complaint being made to any judge or juvenile court, the judge must issue a warrant for arrest; and by section 3, on a plea of guilty the judge may require the accused to execute a bond to the effect that he will pay, in installments for the period of one year, a reasonable sum, to be specified by the court, for the support of his wife, after an examination to determine the defendant's ability to pay, and the necessities of the wife; and upon the giving of the undertaking the defendant

State v. Latham.

must be discharged. If the defendant pleads not guilty, he is to be bound over for the action of the grand jury.

By section 4, after a binding over, and his plea of guilt, or after trial finding guilt, it is made the duty of the criminal judge to determine and fix, in like manner and with like effect, the bond. In default of the execution of the bond, the court must sentence defendant to the workhouse.

Section 5 provides that at any time during confinement defendant may be released upon giving bond for the amount he shall be adjudged to pay for the benefit of his wife.

Section 6 provides for the enforcement of the bond on forfeiture, and other details that need not be outlined.

The first ground of attack on the statute is that it provides for imprisonment of the husband for debt, in contravention of article 1, section 18, of the constitution, which provides that "the legislature shall pass no law authorizing imprisonment for debt in civil cases." It is urged that the statute makes it a misdemeanor punishable by imprisonment for a man not to meet his obligation to support his wife, which obligation is civil in nature, enforceable in a civil suit by one who furnishes necessities to the wife. The act, however, does not concern the liability of the husband to third persons, but his relationship to the wife.

136 Tenn.—3

The obligation of the husband in that regard does not arise out of contract, expressed or implied, so as to have the status of a debt within the meaning of the constitution. The overwhelming weight of authority is to the effect that the word "debt" used in the constitutional provision covers only such obligations as arise between debtor and creditor, by express contract or by the law's implication. *Adams* v. *Adams,* 80 N. J. Eq., 175, 83 Atl., 190, Ann. Cas., 1913 E, 1083, *Ex parte Davis,* 101 Tex., 607, 111 S. W., 394, 17 L. R. A. (N. S.), 1140, and note, and authorities cited in annotations of the cases of *Carr* v. *State,* 106 Ala., 35, 17 South., 350, 34 L. R. A., 634, 636, 54 Am. St. Rep., 17, and *State* v. *Prudential Coal Co.,* 130 Tenn., 275, 170 S. W., 56, L. R. A., 1915B, 646.

It has been specifically ruled that an imprisonment imposed on a husband for his failure to support his wife is not imprisonment for debt. The supreme court of South Carolina, in *State* v. *English,* 101 S. C., 304, 85 S. E., 721, L. R. A., 1915F, 977, said:

"The penalty for the breach of the command is imprisonment. But that is not for any 'debt' due by the husband to the wife; it is for the husband's failure to obey society's law, made for society's subsistence."

See, also, *People* v. *Heise,* 257 Ill., 443, 100 N. E., 1000.

What the husband owes the wife is not a debt, specific as to amount or definite as to maturity, but a duty to support, and the performance of this duty

State v. Latham.

may be enforced by law, by the imposition of a penalty for default. This is all the statute undertakes to do.

It is argued that the statute under review discloses a purpose to make any money product of the proceeding payable to the benefit of the wife, and not to the state for the benefit of the people of the commonwealth. The case, on both of the above phases, finds a strong analogy in cases of bastardy where sums are adjudged to be paid by the father for the support of his bastard child, or imprisonment is imposed on failure so to do. In such cases it has been held by the courts without exception that the requirement as to money payment is in no sense a debt, but is in nature a penalty, and not within the inhibition of the constitution. *Ex parte Bridgeforth,* 77 Miss., 418, 27 South., 622, 78 Am. St. Rep., 532, *State* v. *Morgan,* 141 N. C., 726, 53 S. E., 142, and notes to cases above referred to.

It is next insisted by the appellee, defendant below, that the statute is not directed alone against a husband who allows his wife to become a public charge, so as to involve the public interest; but that it purports to punish a husband whose wife may be able to earn a livelihood. Further, it is insisted that it is not competent for the legislature to provide criminal punishment in case the public is not concerned by the reason of the wife becoming a burden on the local government.

The natural and legal duty to support does not rest alone on the husband of wives who are indigent, or who may be so, but for their own endeavors, and we know of no constitutional limitation on the power of the legislature to compel performance. In several states statutes do so without making it a condition of punishment that the wife be necessitous to the point of becoming a public charge, and every attack on such statutes has failed. *People* v. *Malsch,* 119 Mich., 112, 77 N. W., 638, 75 Am. St. Rep., 381; *Poole* v. *People,* 24 Colo., 510, 52 Pac., 1025, 65 Am. St. Rep. 245; *Commonwealth* v. *Acker,* 197 Mass., 91, 83 N. E. 312, 125 Am. St. Rep., 328; 8 R. C. L. p. 306.

The primary and more immediate object of our statute, on construction, appears to be to deter husbands from leaving their wives to endure privation, and to compel contributions by them to the support of their wives in the furnishing of necessities; the secondary purpose, expressed in an alternative form in the first section of the act, being to protect society in respect of the wife tending to become a charge on the public. A statute so framed is not invalid, but an exercise by the legislature of the police power. It is in furtherance of public weal in its tendency to preserve the integrity of the family as a normal foundational unit in the social structure—one of the law's chief concerns.

"The duty of a husband to maintain his wife is . . . independent of the native disposition to generosity on the part of relatives, friends, and even

strangers, which may be confidently relied on to protect a neglected woman from suffering and want. If a husband fail to provide his wife with the necessaries of life, she is authorized to procure them on his credit, if she can. Civil remedies exist whereby support may be compelled. But the duty is too often evaded in such a way that these measures are wholly inefficient. In view of this fact the legislature undertook to provide a method and a sanction adequate to secure performance. The essence of the act is that a man shall not be allowed to shift the burden of supporting his wife and children upon others under no obligation to bear it, and possibly upon the state itself. Therefore whenever a husband, without just cause, neglects or refuses to provide for the support and maintenance of his wife and thereby places her in such a situation that she stands in need of the necessaries of life, it is not material that they are supplied by her own labor or by sympathizing relatives, friends, or strangers, so that she does not in fact suffer from the privation. He is guilty if he leaves her in such circumstances that, without her own efforts or outside help, she would lack the necessaries of life.'' *State* v. *Waller,* 90 Kan., 829, 136 Pac., 215, 49 L. R. A., (N. S.), 588, and authorities collected in note.

See, also, *Draper* v. *Commonwealth,* 115 Va., 941, 79 S. E., 322.

Another contention of the defendant husband is that the statute operates to deny the constitutional

right to trial by jury. The argument is that the judge of he juvenile court on plea of guilty, and the judge of the criminal court on a plea of guilty following a binding over, indictment, and arraignment, or on plea of not guilty and a trial resulting in a finding of guilty, are given the power without the intervention of a jury to fix the amount of bond to be executed by the accused to secure payments towards the wife's support; and that thereby an accused is deprived of the benefit of a jury's judgment as to the amount of the bond.

. The statute makes no effort to deny a trial of the issue of guilt or innocence of the accused by a jury. The power to declare what shall be the appropriate punishment for an ascertained crime belongs solely to the legislature. The assessment of punishment may be assigned by the legislature to the Judge; it is not essential that the power to fix it be lodged with a jury. *Woods* v. *State*, 130 Tenn., 100, 169 S. W., 558, L. R. A., 1915F, 531.

The grounds of attack herein made on the act are not maintainable. Reversed and remanded for trial.