In the Matter of the Application of GERALDINE WHEELER, Public Welfare Commissioner of the County of Madison, Petitioner, for the Support of LINA HENRIKSEN.

NEILS HENRIKSEN, Respondent.

County Court, Madison County, October 27, 1943.

*W. D. Kiley, County Attorney* (*E. A. Kiley* of counsel), for petitioner.

*Samuel Goldstone* for respondent appearing specially.

CAMPBELL, J. This is an application by Madison County Welfare Commissioner to compel Neils Henriksen, with other children, to contribute toward the support of his mother, Lina Henriksen, under the provisions of article 3 of the Social Welfare Law and sections 914 to 926 of the Code of Criminal Procedure.

Lina Henriksen is a recipient of old age relief and is a resident of this county; Neils Henriksen resides in Albany County, New York. He appears specially by counsel and challenges jurisdiction of this court on the ground that he is not a resident of Madison County.

No case has been cited or discovered where the question here presented has been decided. This is not such a cause of action as is included in subdivision 3 of section 67 of the Civil Practice Act, nor is it within the limitations of section 11 of article VI of the State Constitution.

In *Raven* v. *Smith* (148 N. Y. 415, 418) the court stated: " In a broad sense the County Court has jurisdiction of certain actions on contract without regard to the residence of the defendant, as will be seen by § 340 of the Code [now Civ. Prac. Act, § 67], though not in common-law actions for the recovery of money only." (See, also, *Delaware Nat. Bank* v. *Wiss*, 158 Misc. 276.)

This proceeding is of a quasi nature, it is *sui generis* — neither strictly criminal nor civil. However, the proceedings and enforcement are controlled by sections 914 to 926 of the Code of Criminal Procedure. Section 915, after designating certain courts in which the proceedings may be initiated, provides that the application may be made through the county court of any other county where the poor person resides. No restriction is mentioned as to residence of the relatives.

It is further enacted in subdivision 8 of section 39 of the Code of Criminal Procedure, in defining the jurisdiction of county courts other than in New York County, as follows: " 8. To compel relatives of poor persons and committees of the estates of lunatics to support such persons and lunatics in the cases and manner prescribed by law."

In none of these sections has the Legislature especially restricted the jurisdiction of the county court to relatives residing within the county but makes the only express qualification that jurisdiction lies where the poor person resides. The relief sought is for the public benefit and can only be enforced by public officials. (*Matter of Salm*, 171 Misc. 367.)

Whatever offense, neglect or infraction may be charged against the contestant has been within and against Madison County. The nearest analogy is found in the case of a disorderly person as defined in subdivision 1 of section 899 of the Code of Criminal Procedure, referring to the neglect to provide for wife or child according to one's means. Such offense is neither a misdemeanor nor a felony. (*People ex rel. Frank* v. *Keeper of Reformatory*, 38 Misc. 233, affd. 80 App. Div. 448, affd. 176 N. Y. 465.)

We may well conceive in cases where an individual who never resided in the county where prosecuted may be guilty of the offense, especially where the wife comes to the county with his consent or, under circumstances beyond her control, entered or remained in the county. Courts have so held, independently of section 135-b of the Code of Criminal Procedure, recently enacted, that the courts of such county have jurisdiction. (*People* v. *Meara*, 79 Misc. 57; *People* v. *Dimitry*, 163 Misc. 279.)

It is quite universally held, unless the Legislature has provided otherwise, that the court has jurisdiction where the offense is committed. Since the neglect, infraction or offense for which respondent is proceeded against occurred within the county of Madison, it is the conclusion reached by this court that it has jurisdiction. The proceeding may be brought on for further hearing upon ten days' written notice by applicant's attorney to contestant's attorney or by stipulation.