STATE OF IOWA, Appellee, v. P. M. McGUIRE, Appellant.

ANIMALS: Police Regulation—Registration of Pedigree. The leg-
1   islature has power to require all stallions over two years of age
     to be registered and a certificate of such registration to be ob-

tained, as a condition to offering such stallions for public service. (Sec. 2341-f, Code Supp., 1913.)

**CONSTITUTIONAL LAW:** Classification—Animal Registration.
2 The primary right and duty of the legislature to classify—to say who and what subject-matters shall come under the provisions of an enactment—is not improperly exercised in the Animal Registration Act, which requires pedigree registration, and certificate thereof, of stallions and jacks, and omits such requirements as to bulls and other animals. Such classification is eminently natural, in view of the inherent differences in the species and in the purposes for which they are owned and used. (See Sec. 2341-f, Code Supp., 1913.)

**CONSTITUTIONAL LAW:** Prevention of Fraud—Animal Registra-
3 tion. The prevention of fraud in the sale, use, etc., of stallions, is ample justification for the statutory requirement that the pedigree of all such shall be duly registered, and a certificate thereof obtained. (See Sec. 2341-f, Code Supp., 1913.)

*Appeal from Ida District Court.*—E. G. ALBERT and M. E. HUTCHISON, Judges.

MAY 20, 1918.

THE opinion sufficiently states the case.—*Affirmed.*

*M. M. White* and *W. A. Helsell,* for appellant.

*H. M. Havner,* Attorney General, and *F. C. Davidson,* Assistant Attorney General, for appellee.

WEAVER, J.—The defendant was indicted upon charge of a public offense, set forth in words as follows:

"The grand jury of the county of Ida in the name and by the authority of the state of Iowa, accuses P. McGuire of the crime of offering a stallion for public service without enrollment, committed as follows: The said P. McGuire, on the 29th day of May, in the year of our Lord one thousand nine hundred and fifteen (1915) in the county aforesaid, did offer for public service in this state as registered a stallion over two years old to wit: Belgian Mairet

1. ANIMALS: police regulation: registration of pedigree.

(47310) without having caused the name, age, color and pedigree of the animal to be enrolled by the secretary of the state board of agriculture and without having procured from him a certificate of such enrollment."

On being called for arraignment, the defendant appeared by counsel and demurred to the indictment, on the ground that the statute with a violation of which he is charged, is unconstitutional and void. The particular statement of these grounds being repeated in a later motion for a directed verdict of acquittal, to which we shall again refer, they are here omitted. The demurrer was overruled, and the trial proceeded. At the close of the evidence, the defendant moved for a directed verdict in his favor, for the following reasons, which we quote from the printed abstract:

"1.    Because the law under which this indictment is found is unconstitutional and repugnant to the Constitution of Iowa, in that it violates the provisions of Section 6 of Article 1 of the Constitution of this state, for the reason that the law is not uniform in its operation, and the classification adopted by the legislature is arbitrary and based on no valid and sufficient reason, and the same is class legislation and not uniform and equal in its operation.

"2.    The said law deprives the defendant of his property and liberty without due process of law, and the same is repugnant to the provisions of the Constitution of Iowa.

"3.    The law under which this indictment is found is in violation of and repugnant to Section 1 of the Fourteenth Amendment to the Constitution of the United States for the reason that said law creates a monopoly and prejudices the privileges and immunities of the defendant and denies this defendant the equal protection of the law.

"4.    For the reason that the law under which this indictment is brought deprives the defendant of his property without due process of law and compels this defendant to surrender his money to some veterinarian without any op-

portunity for a hearing as to the amount of charges which the veterinarian shall make, and without any method of proving the soundness of the horse in any other manner than the arbitrary provision provided in the law that he must have an affidavit of some veterinarian, and for the reason that the law provides no method in which the soundness of the horse or stallion may be determined except the arbitrary one of referring it to a veterinarian who comes under the terms and provisions of the law. Also for the reason that the law fails to provide an opportunity for the defendant to be heard either as to the actual soundness of his horse in case of an arbitrary refusal of any veterinarian to make the necessary affidavit required by this law, and provides no means by which the defendant may have a hearing and provides for no method or other process by which the defendant may be protected and have a hearing before any court or tribunal upon the merits or as to the fact of the soundness or unsoundness of the horse or stallion.

"5. Because the law under which this indictment is found and this case is prosecuted is unconstitutional and void for the reason it is class legislation, that it grants to certain citizens or persons privileges which under the same terms are not granted to this defendant in that it relieves owners of stallions and jacks two years old and under from the operation of the law, and relieves owners of mares from the provisions of the law when the said male animals and mares are under the same conditions and subject to the same reasons which apply to a stallion or jack over two years old owned by the defendant.

"6. Because the law makes unjust and unequal distinction between owners of male animals of the horse kind and owners of bulls and boars and other male animals that may be offered for service or sale, and the classification is arbitrary and puts burdens upon owners of stallions that are not put upon owners of mares, boars, bulls and other male

animals offered for sale or for service; that the classification rests on no manifest or reasonable ground but is arbitrary and denies this defendant and all others under like condition the same protection of the law that it affords to owners of male animals of other kinds, and for the further reason that as a police regulation it is void because it is unreasonable.

"7.  That Section 2341-q of the Supplement to the Code of Iowa being Section 8 of Chapter 100 of the Acts of the 34th General Assembly as amended by Chapter 188 of the Acts of the 35th General Assembly, is invalid and repugnant to the Constitution in that it violates the provisions of Section 19 of Article 1 of the Constitution of the state of Iowa, the effect of such law being imprisonment of the defendant for debt.

"8.  The said law under which this indictment is found is unconstitutional in that it violates the provisions of Section 7, Article VII of the Constitution of the State of Iowa."

The motion to direct a verdict having been denied, the cause was submitted to the jury, which found the defendant guilty as charged, and the court entered judgment thereon, imposing upon him a fine of $25 and costs.  The defendant appeals.

The sole question upon which the appeal is presented to this court is the alleged invalidity of the act which defendant stands convicted of violating.  The statute referred to, Section 2341-f, Code Supplement,

2. CONSTITUTION-
AL LAW:
classification:
animal regis-
tration.

1913, provides that no person shall offer for public service in this state as registered, any stallion or jack over two years old, until he shall have caused the name, age, color, and pedigree to be enrolled by the secretary of the state board of agriculture, and shall have procured from him a certificate of such enrollment.  There are other provisions of the chapter re-

specting the duties of the owners of such animals, to which provisions counsel have made reference in making their record and arguments; but they are not involved in the charge made against the defendant. The one thing alleged against him is that he offered a certain designated stallion for public service without enrolling him, and without procuring a certificate of such enrollment, as this law requires. It is not argued that defendant is not guilty if the law be valid; and, unless we are to hold the law unconstitutional, there is nothing to do but affirm the judgment appealed from.

Stated in varying forms of expression, the argument advanced by counsel narrows down to the single proposition that the statute violates the constitutional inhibition against class legislation. It is argued and repeated that, to be valid, the law should be made to apply to the owners of all domestic animals; that it is just as important that the public be protected against fraud or imposition with respect to horned cattle as it is with respect to horses; and that to cast such a burden upon the owners of horses and not upon the owners of cattle is an unfair and unreasonable discrimination.

To so hold is to go far beyond any rule or doctrine announced or approved by any of our courts, state or Federal. True, the legislature may not discriminate between persons doing business of the same kind and under the same circumstances, but it may discriminate between different kinds of business, requiring a license in the one instance and not in the other, or impose restrictions and regulations in the one and not in the other. *Iowa M. T. Ins. Assn. v. Gilbertson,* 129 Iowa 658; *Brady v. Mattern,* 125 Iowa 158. Equal protection is not denied if all persons subject to the statute are treated alike under like circumstances. *Sisson v. Board of Supervisors,* 128 Iowa 442. The only limit put upon legislative discrimination is that it shall not be arbitrarily ex-

ercised. There is no such likeness between the keeping, breeding, and rearing of horses, and the keeping, breeding, and rearing of cattle or sheep or swine or other distinct species of domestic animals, that the legislature may not regulate one and leave the others unregulated, or may not provide varying regulations for each. Indeed, it would seem obvious that a classification based upon the ineradicable distinction between the different species of animals and the different purposes for which they are kept, owned, and used, is a natural and proper one. It may be true, as counsel say, that, in the judgment of counsel and many others, a regulation applying to cattle is of equal importance with one applying to horses; but we think that is not the test. In the very nature of things, legislation of a constructive character must proceed step by step. The order in which measures for the advancement of public welfare shall be adopted rests primarily with the law-making branch of the government, and a very large proportion of all our statutes involve, to some greater or less extent, an exercise of the legislative power of classification. This state, as well as many others, has, in recent years, enacted regulations of more or less stringent character with special reference to the manufacture and sale of dairy products. Can it be said, that these acts are unconstitutional because there are other lines of food production, which we think of equal or greater importance to the public, left unregulated? The statute here challenged is, in express terms, made applicable to all persons of a definitely described class. That class consists of all persons who offer to the public the service of stallions which are described or held out to the public as registered animals. It is a matter of common knowl-

3. Constitutional Law: prevention of fraud: animal registration.

edge that the word "registered," as applied to a domestic animal, means that its purity of blood, breeding, and pedigree has been evidenced by its admission to registration or

enrollment.in the records kept by some recognized author-ity upon such matters. To offer the service of a stallion de-scribed as "registered" is, therefore, a representation of kind and quality which, if false, tends directly to the promotion of fraud; and the evident purpose of the statute is to pre-vent such imposition. That this is a legitimate subject of legislation can scarcely be questioned; and, as it is made to apply to every member of the described class, there is no unconstitutional discrimination. Classification for the pur-poses of legislation need not "depend upon scientific or marked differences in things or persons in their relations. It suffices if it is practical, and it is not reviewable unless palpably arbitrary." *Orient Ins. Co. v. Daggs,* 172 U. S. 557, 562.

It is unnecessary to go into any extended discussion of the very many authorities which sustain these views. They are practically without conflict on that subject, and none to which our attention has been called by appellant can be considered as lending support, even by inference, to the proposition that the statute here under consideration is void as class legislation, or as denying to the defendant that equal protection of the law to which he is entitled under the state and Federal Constitutions.

The judgment of the district court is—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.