THE STATE OF IOWA, Appellant, v. EMMET WEYANT, Appellee.

**Husband and wife:** DESERTION: DESTITUTE CIRCUMSTANCES: CRIMINAL LIABILITY. To constitute the crime of desertion of a wife or child within the meaning of the statute it is not necessary that they be left absolutely unhoused, unclothed and in a condition of actual starvation; but it will be sufficient if it appears that a condition of extreme poverty and great need exists or that they are without money or property of consequence upon which to rely for support. The evidence in this action is held to require a submission of the question of whether the wife and young child were left by defendant in destitute circumstances.

*Appeal from Clayton District Court.*—HON. L. E. FELLOWS, Judge.

TUESDAY, DECEMBER 13, 1910.

THE defendant was tried to a jury upon the charge of deserting his wife and infant child. The court directed a verdict of not guilty, and ordered defendant's discharge. The State appeals.—*Reversed.*

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

No appearance for appellee.

WEAVER, J.—The evidence on the part of the state is undisputed, and tends to show that defendant was married September 9, 1906, and that a child of this union was born to him May 20, 1908. For a time prior to the alleged desertion, the family lived as tenants in a house belonging to defendant's father, some of whose land defendant cultivated. On March 15, 1909, under the pretense of leaving home for a very short time on a business errand, defendant abandoned his wife and child, and since that date has not lived with them or in any manner contributed to their support and maintenance. On the day of defendant's departure, his father laid claim to and took away the bulk of the property of any material value which had been left by his son. The defendant owned no real estate, and the property left with the wife, and not claimed by his father, was a cow which she had brought to him, a few chickens, provisions sufficient to sustain her for a few days only, and a quantity of potatoes, for which her father-in-law gave her $10. Except these items and some articles of household furniture, she had no property or estate whatever with which to feed, clothe and shelter herself and child, and was under the necessity of returning to her father's home, where she has since remained, except for occasional periods when she has worked as a house servant in other homes. Her service is not needed in her father's home, but she remains there because of her lack of means with which to maintain one for herself. No reason or cause is shown or suggested for defendant's abandonment of his family or his refusal to provide for their needs. At the close of the state's case, defendant without offering any testimony in his own behalf moved for a directed verdict of acquittal because the evidence offered was insufficient to support a conviction, in that the state had failed to show that the wife and child were in a destitute condition at the date when they were abandoned.

In sustaining this motion we think the trial court

erred. The statute with a violation of which the defendant was charged provides for the punishment of a person who without good cause abandons his wife or child under sixteen years of age, leaving either in a destitute condition. Code Supp. 1907, section 4775a.

Taking the record as it stands, the defendant is clearly shown to have been guilty of inexcusable and heartless desertion of his wife and infant child. He left her not a dollar in money, and, excepting a small quantity of potatoes, not a dollar's worth of property which she could spare without aggravating her forlorn and helpless condition. To sustain the charge that the wife was left destitute, it was not incumbent upon the state to show that she was left naked or unhoused, or in a condition of actual starvation. To say that a deserted wife is destitute means no more than to say that she is in a condition of great need, a state of extreme poverty, or is without money or property upon which she can rely for her support. Such condition is by no means inconsistent with her possession of food for a day or for a week, or with the fact that some friend has opened his door to give her shelter. A widow or an abandoned wife may indeed have a humble cottage which affords her a place in which to live but brings in no income, or she may have a cow which she can not sell without depriving herself or her babe of needed sustenance, or a few articles of furniture which are necessary to her convenience or comfort, and still be destitute within the statutory meaning. If it were otherwise, and by the cheap expedient of providing his wife and child with a few dollars worth of groceries for immediate use, an unworthy father and husband may desert his family and hold himself immune from prosecution, the statute is indeed a very flimsy piece of legislation, and should be repealed at once. A wife is entitled to support at the hands of the husband, and both law and common humanity charge him with the duty of maintaining his own infant child. It does not lie in his mouth to

say: "Here is food to keep you from starvation for the next thirty days, and henceforth I absolve myself from all responsibility for your support. Your father will not allow you to go to the poorhouse. Moreover, your hands are strong, and the kitchens of your neighbors afford a ready field for service in which you can earn a living for yourself and the child of our marriage." It was to prevent and punish such outrage against humanity and the marriage obligation that the statute was enacted, and its force and effect should not be nullified by any nicety of construction. See *State v. Morgan,* 146 Iowa, 298; *State v. Dvoracek,* 140 Iowa, 266. The appellee has not favored us with any brief in this case, but we infer from the attitude taken by him on the trial below and the motion for a directed acquittal that he placed some reliance on our decision in *State v. Fuller,* 142 Iowa, 598. If such was the case, a very little examination will demonstrate his mistake. In the first place, it was there found that the evidence was insufficient to show any desertion by Fuller, and, in the next place, while the instruction given by the trial court as to the meaning of the word "destitute" was recognized as the law of that particular case for the purposes of the appeal, it was not adopted or approved by this court as a correct statement.

It is unnecessary to further extend the discussion. The question of defendant's guilt should have been submitted to the jury, but, the appeal having been taken by the state, the reversal of the erroneous order operates only to settle the question of law involved therein—*Reversed.*