STATE OF IOWA, Appellee, v. EDWARD CONWAY, Appellant.

HUSBAND AND WIFE: Failure to Support—Willfulness—Evidence
1 —Sufficiency. Evidence reviewed, and held sufficient to make a prima-facie case of willful refusal and neglect to support a wife. (Sec. 4775-a, Code Supp.. 1913.)

HUSBAND AND WIFE: Failure to Support—Desertion—Justification. Desertion of a wife by the husband does not absolve the
2 husband from the duty to support, unless the wife's conduct has been such as to grant him a divorce.

HUSBAND AND WIFE: Failure to Support—Defenses. A charge
3 against a husband of willfully failing and neglecting to maintain and provide for his destitute wife, may be met by the defense: (a) That her conduct had been such as to justify a divorce on his part, and that, as a consequence, he left her; (b) that his ill health prevented him from maintaining her; and (c) that he was unable to obtain employment.

HUSBAND AND WIFE: Failure to Support—Evidence—Transac-
4 tions Subsequent to Indictment. In a prosecution of a husband

for failure to support his wife, evidence of what the husband did subsequent to the indictment may, if relevant and material, be admissible, as bearing on the situation of the parties at and prior to the return of the indictment.

HUSBAND AND WIFE: Failure to Support—''Cause'' for Desertion, and Nonsupport Contrasted. A husband who leaves his wife without any cause may, nevertheless, have good cause for failure to maintain her: to wit, sickness on his part, inability to secure employment, etc. "Cause" for literal desertion and "cause" for non-support must not be confused. (Sec. 4775-a, Code Supp., 1913.)

*Appeal from Polk District Court.*—CHARLES HUTCHINSON, Judge.

MARCH 5, 1918.

Appeal from conviction for wife desertion.—*Reversed and remanded.*

*C. H. Miller,* for appellant.

*M. H. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *Ward C. Henry,* County Attorney, for appellee.

LADD, J.—I. The defendant, 27 years of age, is accused of deserting his wife, three years older. That she was then, January 31, 1917, in destitute condition, the jury might well have found; for she had but $3.00, a few articles of furniture in a room they had been occupying, rent of which was paid for six days in advance, and about 30 quarts of fruit and a couple of gallons of piccalilli, shown to have been unsalable, and a vacant lot. *State v. Weyant,* 149 Iowa 457. True, she had $30, but could not make use of it, otherwise than for the erection of a monument at the graves of her parents, as it was left by her father for that purpose. But counsel argue that the evidence failed to show that defendant did "willfully neglect

1. HUSBAND AND WIFE: failure to support: willfulness: evidence: sufficiency.

or refuse to maintain or provide for his wife." He testified that his wife told him to get another job where he could make more money, or hunt another place; and, when he protested he was doing the best he could, said, "Go;" and that he went and rented another room for himself; that, when he sent for his trunk, it had been removed to Jordan's grocery.

"Q. You telephoned your wife that day, did you not? A. Yes, sir. Q. And you told her you were through at that time? A. Yes."

Thereafter, he neither visited her nor paid any atten· tion to her. This made out a prima-facie case, under Section 4775-e, Code Supplement, 1913, declaring that:

"Proof of the desertion of wife * * * in destitute or necessitous circumstances or of neglect to furnish such wife * * * necessary and proper food, clothing or shelter, shall be prima-facie evidence that such desertion or neglect was willful."

2. HUSBAND AND WIFE: failure to support: desertion: justification. Leaving his wife in no manner relieved him of his marital obligation to maintain and provide for her. To accomplish this, she must have been guilty of such conduct as to entitle him to a divorce. *State v. Stout,* 139 Iowa 557; *State v. Hill,* 161 Iowa 279.

3. HUSBAND AND WIFE: failure to support: defenses. But leaving the wife is not necessarily involved in the crime of "desertion," as defined in Section 4775-a of the Supplement to the Code, 1913; for, without departing from his home, the husband may commit the offense denounced in that section, which provides that:

"Every person who shall, without good cause, wilfully neglect or refuse to maintain or provide for his wife, she being in a destitute condition, * * * shall be deemed guilty of desertion and, upon conviction, shall be punished by imprisonment in the penitentiary for not more than one

year, or by imprisonment in the county jail for not more than six months."

If her conduct has been such as to constitute a ground for divorce, this would be good cause, as might sickness such as to disable him from maintaining or providing for his wife, or inability, on reasonable effort, to obtain employment or earn wages, or other insurmountable obstacle to discharging his marital obligations. *State v. Dvoracek,* 140 Iowa 266.

The evidence in behalf of the State tended to show that defendant, prior to leaving his wife, earned $50 per month, though he occasionally lost a day, owing to an injured ankle. This was in no manner met, save by his testimony that, for eight days after his departure, he did not work, for that he did not have his working clothes. It seems that these were in his trunk, and that, when the drayman called, on the day of his departure, the trunk was gone; and, upon inquiry, his wife told him it was at a named grocery; and he did not take the trouble to go there for his clothes. During the next four days, he earned $9.00. On the fifth day, the condition of his ankle prevented him from working, and on the next day, he was discharged; and, though he made two applications, he found no further employment during the month. On the day he left, he gave her $3.00 of the $4.50 he then had, and, after paying the drayman, had but $1.00.

4. HUSBAND AND WIFE: failure to support: evidence: transactions subsequent to indictment.

Evidence of his course subsequent to the indictment was admissible only as it tended to throw light on the situation of the parties at the date of or prior to the return of the indictment. In view of the record as recited, and his assertion, over the telephone line, that he was "through with her," we are not inclined to interfere with the court's ruling that the prima-facie case made out under the statute was not conclusively overcome by the evidence adduced.

II. Complaint is made of the fifth in-
struction, which reads:

5. HUSBAND AND
   WIFE: fail-
   ure to support:
   "cause" for
   desertion, and
   nonsupport
   contrasted.

"As to what constitutes 'good cause,'
you are instructed that 'good cause' means
a legal cause, and relates to the conduct or
relations between the parties. And you are instructed that
the testimony of the defendant in this case shows no legal
cause for deserting his wife, if you should find that he did
so desert her, or refuse to maintain or provide for her."

The offense sought to be punished is denominated "de-
sertion;" but this is really a misnomer, for it is defined as
neglecting or refusing to maintain or provide for wife. De-
sertion of wife is involved only as it may or may not consti-
tute a good cause for not maintaining or providing for the
wife, and, as previously pointed out, is not sufficient excuse
unless a ground for divorce. So far, the instruction is cor-
rect. But, as previously said, there may be other good
causes for nonsupport. The State's testimony disclosed that
defendant had been employed at $50 per month prior to the
return of the indictment, that of this he turned over to his
wife, to meet their expenses, $23 or $24 out of the fortnightly
payments, and that he gave her, on the day of his departure
(and he was indicted the same day), $3 out of the $4.50 he
then had, and that, when she demanded that he search for a
job where he could earn more money, he responded that he
was doing the best he could. The record was such that a jury
might have found that he was "doing the best he could," and
that, if he neglected to maintain or provide for his wife,
this was through no fault of his. The court was mistaken in
saying that "good cause," as found in the statute, "relates
to the conduct or relation between the parties." On the
contrary, it concerns the conduct of the husband only. That
he "willfully neglect or refuse to maintain or provide for his
wife when in destitute circumstances" will not alone war-
rant his conviction, nor constitute the crime of desertion. It

must further appear that all this was "without good cause" on his part. Though defendant was "without good cause" for leaving his wife, whether he was without good cause in neglecting to maintain and provide for her should have been left to the jury, under appropriate instructions.

The judgment is *reversed,* and the cause *remanded.*

Preston, C. J., Evans and Salinger, JJ., concur.