DAVIES DRY GOODS COMPANY, Appellant, v. JAMES RETHERFORD et al., Appellees.

**HUSBAND AND WIFE:** Family Expenses—Decree of Separate Maintenance—Effect. A decree of separate maintenance in favor of a wife does not absolve her from personal liability for the necessary expense attending the support of her minor children in the family of her husband.

*Appeal from Davis District Court.*—SENECA CORNELL, Judge.

FEBRUARY 6, 1923.

ACTION upon an account. Demurrer to the answer of defendant Lela Retherford was overruled, and plaintiff appeals.—*Reversed.*

*Buell McCash,* for appellant.

*John F. Scarborough,* for appellee.

STEVENS, J.—Appellees are husband and wife. Appellant brings this action against both, as the immediate creditor of the former for family necessities. The wife, on April 16, 1919, obtained a decree against her husband for separate maintenance. Since that time, and shortly prior thereto, they have lived apart. The family of the husband consists of an adult and three minor daughters of appellees. James Retherford permitted judgment to be entered against him by default, but Lela answered the petition, denying any indebtedness to the appellant and setting up the decree for her separate maintenance as a defense. The decree gave the custody of the minor children to the husband, and provided for the payment by him to his wife of $30 per month. All of the merchandise in controversy was furnished to the husband, and used in the family after the decree of separate maintenance had been entered. A demurrer was filed to the answer, upon the ground that the facts stated therein do not constitute a defense. The sole question, therefore, involved upon this appeal is whether the property of a wife who has obtained a decree of separate maintenance is liable for family necessaries furnished to the minor children of herself and husband, living in the home of the latter. The right of the wife to a decree for separate maintenance does not rest upon statute. *Shipley v. Shipley*, 187 Iowa 1295.

Section 3165, Supplement to the Code, 1913, provides:

"The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

The precise question involved has not previously been decided by this court, but there can be, it seems to us, no question as to the wife's liability for the necessary expense of the support and maintenance of her minor children. The statute in plain terms so provides. We held in *Debrot v. Marion County*, 164 Iowa 208, that "the liability of either or both parents to support their minor children is not, of course, affected by a divorce obtained by one from the other." If either or both are liable for the support of their minor children after a decree of divorce, clearly a decree of separate maintenance only, in favor of the wife, cannot operate to exempt her from liability.

The decree of the court below must be and is—*Reversed*.

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.