STATE OF IOWA, Appellee, v. HOWARD MANLEY, Appellant.

**INDICTMENT AND INFORMATION:** Motion to Set Aside—Incompetent Testimony. The fact that the minutes of testimony attached to and returned with an indictment show that incompetent testimony

was received by the grand jury furnishes no ground for setting aside the indictment.

**CONSTITUTIONAL LAW: Equal Protection of Laws—Wife Desertion.**
2  The statute relative to the willful failure to support one's wife and certain destitute minor children is obviously not obnoxious to the constitutional guaranty of equal protection and uniformity of laws; nor is it violative of the constitutional provisions against imprisonment for debt.

**CONSTITUTIONAL LAW: Applicability of Federal Constitution.**
3  Principle reaffirmed that the fifth amendment to the Federal Constitution has no application to trials in the state courts.

**CONSTITUTIONAL LAW: Due Process.** Principle reaffirmed that due
4  process is fully satisfied by a hearing, on notice, before a court of competent jurisdiction, and according to established modes of procedure.

**WIFE DESERTION: Essential Elements.** Under an indictment charg-
5  ing the willful refusal and failure to support one's destitute minor children, the marital relations between the accused and his wife are quite immaterial. The essential idea in our so-called desertion statute is *nonsupport*.

**WIFE DESERTION: Failure to Support Defined.** Under an indictment
6  for the willful failure of accused to support his children, it is not necessary to show that the children were left absolutely unhoused, unclothed, and in a condition of actual starvation; but it is sufficient to show that they were in a condition of grave need and a state of extreme poverty, or were without property upon which to rely for support, and were dependent on charity.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

JANUARY 8, 1924.

DEFENDANT was indicted under Section 4775-a, Code Supplement, 1913, for failing to provide for his minor children. Upon a verdict of guilty, judgment was pronounced, from which he appeals.—*Affirmed.*

*E. J. Dahms* and *E. E. Collins,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assist-

ant Attorney-general, *W. J. Barngrover,* County Attorney, and *H. F. Churchill,* for appellee.

VERMILION, J.—The defendant was convicted of the crime of abandoning and failing to provide for his minor children, as defined by Section 4775-a, Code Supplement, 1913.

He complains of the overruling of his motion to quash the indictment, on the ground that incompetent evidence was received by the grand jury. Attached to the indictment is a minute of the testimony of Katherine Ewing, who was a witness before that body. It appears that she was general superintendent of the Social Welfare League, and overseer of the poor

1. INDICTMENT
AND INFORMA-
TION: motion
to set aside:
incompetent
testimony.

of Cedar Rapids. As shown by the minute of her testimony, she testified to some facts that, so far as appears, were learned by personal observation, to some that partook of the nature of conclusions, and to other matters that were plainly hearsay. The mother of the children, the divorced wife of the defendant, was also before the grand jury, and testified to facts that fully support the charge in the indictment.

The refusal of the court to set aside the indictment was, it is said, in violation of the rights guaranteed defendant under Sections 1, 6, 10, and 19 of Article 1 of the Constitution of the state, and the 5th and 14th Amendments to the Federal Constitution. In what manner it is claimed the ruling on the motion violated the defendant's rights under these numerous constitutional provisions is not in all respects clear. The chief contention, however, as we understand it, is that the court has an inherent power to set aside an indictment on other grounds than those enumerated in the statute; that to hold otherwise would be to put a construction upon the statute that would render it obnoxious to constitutional provisions. Numerous authorities are cited in support of this proposition, some of which will later be referred to. The proposition might, for the mere sake of argument, be conceded, without aiding the defendant, though this court has for many years adhered to the rule that an indictment can be set aside only on grounds enumerated in the statute. *State v. Tucker,* 20 Iowa 508; *State v. Morris,* 36 Iowa 272; *State v. Smith,* 74 Iowa 580; *State v. Frost,* 95 Iowa 448; *State*

*v. De Groate,* 122 Iowa 661. See, also, *United States v. Cutler,*
5 Utah 608 (19 Pac. 145). The fact that the grand jury re-
ceived incompetent evidence, or even acted on insufficient evi-
dence, is not one of the grounds for setting it aside, found in the
statute. Code Section 5319.

The power and authority, or even the duty, in a proper case,
to do a thing may exist, but it should be exercised only when
the circumstances require it. If it be true, as insisted by coun-
sel, that the court possesses an inherent power to set aside an
indictment for causes not found in the statute, which no legisla-
tive act can constitutionally take away, still, if the situation of
the defendant does not call for the exercise of such a power, no
constitutional right of his has been abridged by the failure to
exercise it. See *People v. Glen,* 173 N. Y. 395 (66 N. E. 112),
and *People v. Sexton,* 187 N. Y. 495 (80 N. E. 396), cited by
appellant. In addition to those cited above, the following cases
hold that the fact that incompetent evidence was presented to
the grand jury is not a ground for setting aside the indictment.
*State v. Fowler,* 52 Iowa 103; *State v. Shepherd,* 129 Iowa 705;
*McGregor v. United States,* 134 Fed. 187. The reasons for this,
aside from the statute, are many and obvious. When one of sev-
eral witnesses is incompetent, it cannot be shown what weight,
if any, was given to his testimony by the grand jury. The law
does not contemplate a strictly judicial trial before that body.
Whether witnesses are competent is often a difficult question of
law, which grand juries usually have not the learning or experi-
ence to decide. The indictment is but an accusation upon which
a trial may be had, where all the rights of the defendant respect-
ing the competency of the proof against him are fully pro-
tected. As said in the *McGregor* case, supra, a case cited by
appellant:

"It would be subversive of our criminal procedure, and
destructive of the rules formulated to promote the due adminis-
tration of justice, to establish a practice under which indict-
ments might be quashed because of the consideration by the
grand jury of the improper testimony given by one witness,
among many."

In another case upon appellant's brief, *United States v.*

*Farrington*, 5 Fed. 343, where an indictment was set aside, this pertinent language is found:

"It is not intended to suggest that, whenever incompetent testimony is received by a grand jury, its reception is such error or irregularity as to vitiate their finding, nor to hold that the evidence upon which an indictment is found shall be such as the court would regard as making out a prima-facie case against the accused. It is not the province of the court to sit in review of the investigations of a grand jury, as upon the review of a trial when error is alleged."

Again, in *People v. Sexton*, supra, it is said:

"The fact that some incompetent evidence was received in connection with competent evidence, or an incompetent witness examined, is not ground for quashing the indictment; for these errors may be corrected on the trial."

Appellant further contends that his conviction and resulting imprisonment were in violation of the above mentioned constitutional provisions. The claim, in addition to the question discussed above, is based on the situation, disclosed by the evidence, that the mother of his children had been divorced from appellant, and in the decree had been awarded the care and custody of the children, and $15 per month for the support of herself and children. The constitutional provision found in Section 6 above, providing that all laws of a general nature shall have a uniform operation, and that privileges or immunities shall not be granted to any citizen or class which, upon the same terms, shall not equally belong to all, is obviously not violated by the enforcement of a criminal statute, operating equally upon all persons who are in a position to and do violate it. *State v. McGuire*, 183 Iowa 927.

2. CONSTITU-
TIONAL LAW:
equal protection
of laws: wife
desertion.

The contention that Section 19, prohibiting imprisonment for debt, has been violated, is based on the assumption that the defendant's conviction and punishment are for the failure to pay the amount adjudged against him for the support of his children, in the divorce decree. This assumption is entirely unwarranted. The common-law liability of a father to support his children is not affected by the fact that he and the mother are divorced. *Debrot v. Marion County*, 164 Iowa 208, and cases

cited. See, also, *Davies Dry Goods Co. v. Retherford,* 195 Iowa 635; *Boozel v. Boozel,* 193 Iowa 78; *State v. Langford,* 90 Ore. 251 (176 Pac. 197); *People v. Schlott,* 162 Cal. 347 (122 Pac. 846); *State v. Miller,* 111 Kans. 231 (206 Pac. 744); *King v. State,* 12 Ga. App. 482 (77 S. E. 651). The statute under which this indictment is found provides, so far as is material to the present inquiry, that every person who shall, without good cause, abandon his or her legitimate or legally adopted child or children under the age of 16 years, leaving such child or children in a destitute condition, or shall, without good cause, willfully neglect or refuse to provide for such child or children, they being in a destitute condition, shall be punished. The indictment charges that the defendant "did, willfully and without good cause, abandon his legitimate children [naming them], all under the age of sixteen years, and willfully and feloniously did refuse to provide for said children, they, the said children, being then and there in a destitute condition." The statute does not make it a crime to fail to pay a judgment against him for the support of his children. The indictment does not charge him with the failure to pay the amount so awarded. Under the authorities cited, the amount which the decree provided he should pay for the support of his former wife and his children did not relieve him of his natural and common-law obligation to support his offspring, or limit the extent of such liability. It is the failure to perform this duty that the statute, under certain circumstances, punishes, and it is this failure which the indictment charges as a criminal act. What the situation might be where it appeared that one in the circumstances of the defendant had fully met the requirements of the decree,—whether this should be held to be adequate provision for the support of his children,—we are not called upon to, and do not, decide. It could, in any event, affect only the fact question of guilt or innocence. The court in *State v. Yocum,* 182 Ind. 478 (106 N. E. 705), speaking of a like order, in connection with a prosecution under a statute similar to ours, said:

"But that order has no influence in this prosecution, other than that his utter failure to comply with it shows appellee's failure to discharge all his natural and legal obligations to his children. By this statute the state has created a sharper and

more effective spear for a dull or dormant sense of parental duty than that which was before the instrument of a court of equity in a divorce proceeding.''

See, also, *Spade v. State,* 44 Ind. App. 529 (89 N. E. 604), and authorities there cited.

In *People v. Heise,* 257 Ill. 443 (100 N. E. 1000), a statute such as ours was held not in violation of the constitutional prohibition of imprisonment for debt.

We understand that appellant's contention that he was deprived of rights guaranteed him under the Federal Constitution is based upon the overruling of the motion to quash the indictment, the precise claim being that the pro-

3. CONSTITU-
TIONAL LAW:
applicability of
Federal Consti-
tution.

ceedings under an indictment so found were not due process of law. The 5th Amendment to the Constitution of the United States has no application to trials in the state court. *Olander v. Hollowell,* 193 Iowa 979, and cases cited. A criminal prosecution in a state court, based upon a statute not repugnant to the Federal Constitution, and a conviction according to the set-

4. CONSTITU-
TIONAL LAW:
due process.

tled course of judicial proceedings, as established by the law of the state, so long as it includes notice and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is due process of law, in a constitutional sense. *Frank v. Mangum,* 237 U. S. 309 (59 L. Ed. 969).

Complaint is made of the action of the court in ruling on the admission of testimony. In many instances, the particular ruling complained of is in no manner pointed out or argued. While not required, under such circumstances, to do so, we have examined the record with care, and find no prejudicial error. The foregoing discussion disposes of many of the questions so raised. In the case of others more particularly pointed out, defendant's contention is without merit.

The thought embodied in the first and second instructions asked by the defendant was covered by the instructions given, and there was no error in refusing them. The third requested instruction said, in substance, that, in view of the provisions of the decree of divorce, the defendant could not be deemed to have abandoned his children, or to have refused to provide for

them. What has been said above sufficiently indicates the incorrectness of this view, and that the instruction was rightly refused. The remaining instruction asked, defined desertion and abandonment as a wrongful separation, "without intention of again resuming marital relations, and with the intention of causing perpetual desertion." The marital relation was not involved in· the case.

**5. WIFE DESERTION: essential elements.**

The defendant was charged with failing to provide for his children,—not his wife. Aside from this, however, the statute imposes no such burden upon the State. It is obvious that a man may be guilty of the offense defined by the statute, although he may intend, at some future time, to provide adequately for his wife or children.

No sufficient exceptions were preserved to the instructions given to the jury, as required by Chapter 24 of the Acts of the Thirty-seventh General Assembly, and no question in respect thereto is presented for determination on appeal. *State v. Higgins,* 192 Iowa 201; *Crow v. Casady,* 191 Iowa 1357.

It is urged that the evidence is insufficient to support the verdict, because: (1) Since the care and custody of the children were by the decree of divorce given to the mother, the defendant is not shown to have abandoned them without good cause; (2) the decree having awarded to the mother certain property, he is not shown to have left them in a destitute condition; and (3) he is not shown to have willfully neglected or refused to provide for them.

**6. WIFE DESERTION: failure to support defined.**

The custody of the children having been awarded to the mother by the divorce decree, the defendant cannot be said to have abandoned them, in the sense of having left them. The court, however, instructed the jury, and correctly, we think, that desertion, under the statute, was the willful neglect or refusal to provide for his children, they being in a destitute condition. The property awarded the mother in the divorce proceedings appears to have been the household goods and a home, purchased on monthly payments, upon which the defendant had paid $300. The home appears to have been disposed of; but what was actually received for it by the mother is not shown. A finding that, for some months prior to the return of the in-

dictment, the rent for the house occupied by the mother and children had been paid, and fuel, provisions, and medical attention for the children furnished by public or private charity, is fully warranted by the evidence. The divorce was granted something like a year before the indictment was returned, and during that time the defendant furnished but $79 for the support of his wife and children. The verdict had ample support in the evidence. To constitute the crime charged against the defendant, within the meaning of the statute, it is not necessary that his children be left absolutely unhoused, unclothed, and in a condition of actual starvation, but it will be sufficient if they are in a condition of great need, a state of extreme poverty, or are without money or property upon which to rely for support, and dependent upon charity. *State v. Weyant,* 149 Iowa 457; *State v. Conway,* 182 Iowa 1236.

It is said in argument that the judgment, in addition to a sentence of imprisonment in the penitentiary, imposed a fine of $1,000. The statement is not supported by the record. No fine was imposed.

What has been said disposes of all the questions presented. The judgment is—*Affirmed.*

ARTHUR, C. J., EVANS, PRESTON, STEVENS, FAVILLE, and DE GRAFF, JJ., concur.