STATE OF IOWA, Appellee, v. HERBERT BAUGH, Appellant.

PARENT AND CHILD: Willful Failure to Support Child—Reasonable Arrangement Rejected by Mother. A verdict of guilty of willful neglect on the part of a father to support his minor children cannot be sustained on an undisputed showing that he had made reasonable arrangements for the clothing and sustenance of his children, but that such arrangements were, without reason, rejected by the mother.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 24, 1924.

DEFENDANT was convicted in the court below of the crime of willful desertion of his two minor children, and appeals.—*Reversed.*

*M. M. White,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien* and

*S. S. Faville,* Assistant Attorney-generals, and *Lew McDonald,* County Attorney, for appellee.

STEVENS, J.—The indictment in this case is based upon Section 4775-a of the 1913 Code Supplement, which, so far as material, is as follows:

"Every person [meaning parent] who shall, without good cause, willfully neglect or refuse * * * to provide for such child or children they being in a destitute condition, shall be deemed guilty of desertion. * * *"

Appellant and his wife, who are the parents of two small children, are divorced, and had been for some months, at the time of the trial. The mother, prosecutrix herein, with her children, resides at the home of her parents on a farm about one-half mile from the home of appellant's parents, who also reside on a farm. The parties entered into a stipulation as to alimony in the divorce proceeding, which was complied with by appellant for three months; but he has since neglected to pay the sum stipulated to be paid monthly. Except the sums paid to the wife as alimony, appellant has contributed nothing to the support or maintenance of the two minor children. Appellant is employed as a rural mail carrier, and earns approximately $160 per month. The mother has no other means of supporting herself and children than her own labor.

What constitutes a "destitute condition" of children, under the statute, we have often stated. *State v. Dvoracek,* 140 Iowa 266; *State v. Morgan,* 146 Iowa 298; *State v. Weyant,* 149 Iowa 457; *State v. Manley,* 197 Iowa 46; *State v. Weymiller,* 197 Iowa 1273.

The evidence fairly shows that the prosecutrix is not, by her labor, able to support herself and the two children, or to prevent them, in the absence of the assistance which she has received from her parents, from actually becoming destitute. The record, without conflict, discloses that appellant, prior to the commencement of this prosecution, arranged with at least three different stores in Cherokee where all necessary clothing could be purchased by prosecutrix for the children without any expense to her, and that she declined to purchase such necessities

under this arrangement. It also appears that appellant arranged with his father and mother to room and board the two minor children at their home, and also to permit prosecutrix to reside with them, without expense of room or board. This arrangement, countersigned by appellant's father, was communicated to prosecutrix in writing. This she also declined. The reason assigned by prosecutrix for her refusal to purchase clothing at the stores in Cherokee was that some of it was not sold ready-made.

The evidence shows that appellant's parents lived alone in a modern five-room bungalow. The sole reason assigned by prosecutrix for her refusal to accept the proposition to reside with her children at the home of appellant's parents was that the house, which contained but two bedrooms, was too small. No claim is made that the home was not otherwise a proper and suitable one for the children, or that her relations with appellant's parents were not pleasant. As we understand the record, appellant does not reside with his parents.

The gravamen of the crime charged in the indictment is the willful neglect or refusal of a parent to provide support for a destitute child or children under the age of sixteen years. The arrangement referred to above was sufficient to provide the children in question with all necessary clothing. Thus far, appellant met the requirements of the statute. He was not bound to provide for the support of prosecutrix, but he could not willfully neglect or desert the children under circumstances which placed them in a destitute condition. It was not necessary that the provisions made by appellant to relieve the children from destitution, and to provide them with the necessary housing, food, and clothing, be entirely satisfactory to prosecutrix, or meet her preference in the matter. The provision must, however, be reasonable, and one that could be carried out so as to prevent destitution, and one that did not require the separation of the children from her custody or deprive her of them. The aim of the statute is to compel the parent to provide for its offspring of tender years against destitution. The statute is a wholesome one, and no mere evasion thereof can be tolerated. The evidence, however, is undisputed; and, in the absence of any

proof that the provisions made by appellant for the support and maintenance of his children could not be reasonably carried out, we are of the opinion that the crime defined by the statute was not proved.

Apparently appellant has sufficient earning capacity to provide his small children with the reasonable necessities of life, and this he should do; but we cannot, upon the record in this case, permit a conviction to stand. For the reasons indicated, the judgment below is—*Reversed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.