STATE OF IOWA, Appellee, v. JOE GUDE, Appellant.

**HUSBAND AND WIFE:** Failure to Support—Burden of Proof. In a
1    prosecution for failure of a husband to support his wife and child, it is not incumbent on the accused to show that he was "without fault," and reversible error results from so instructing.

**HUSBAND AND WIFE:** Instructions—Unallowable Assumption. Rec-
2    ord reviewed, and held reversible error for the court to instruct that, *as a matter of law,* an accused had failed to show any conduct on the part of his wife which would justify him in refusing to support her.

**HUSBAND AND WIFE:** Failure to Support—Essential Elements.
3    Proof of failure to support will not, in and of itself, sustain a conviction for failure of a husband to support his wife. The State must carry the burden of establishing every element of the offense. (Sec. 13230, Code of 1924.)

**CRIMINAL LAW:** Instructions—Reasonable Doubt. The jury *must*
4    be specifically, or in effect, instructed, under every indictment, that guilt can only be predicated on a finding beyond all reasonable doubt.

Headnote 1: 30 C. J. p. 1109. Headnote 2: 30 C. J. p. 1111. Headnote 3: 30 C. J. p. 1108. Headnote 4: 16 C. J. p. 988.

*Appeal from Fremont District Court.*—J. S. DEWELL, Judge.

DECEMBER 15, 1925.

PROSECUTION under the statute for wife and child desertion. A jury returned a verdict of guilty, and sentence was pronounced thereon.—*Reversed.*

*Tinley, Mitchell, Ross & Mitchell* and *Hickman & Hoyne,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

FAVILLE, C. J.—At the time of the trial of this cause, appellant was twenty-four years of age, and his wife, the prosecuting witness, was fifteen years of age. The record shows that appellant had been indicted for statutory rape upon the prosecutrix at a time when she was fourteen years of age. On the day that the indictment for rape was to be tried, the parties were married in the vault in the clerk's office in the courthouse, and at said time appellant gave to his wife the sum of $500. Appellant immediately returned to the home of his parents, and the wife went to the home of her parents. She afterwards went to a hospital in Omaha, where her child was born. Some months later, the child died. Appellant never visited his wife after the day of the marriage, nor did he contribute anything to her support after the payment of $500. The evidence shows the expenditure of a considerable portion of the $500 in connection with hospital and other expenses incurred at the time of the birth of the baby. The exact manner in which the remaining portion of the payment of $500 was expended is not wholly clear and definite in the evidence. The wife's testimony is to the effect that it was all expended for herself and the baby prior to November, 1923. The wife never communicated with appellant after the day they were married and after the payment of the $500, and made no demand on him for further support. Appellant worked as a farm hand for his father, and his earnings were about $50 a month. He had no other resources, and his wife had no property of her own, and lived with her parents, and earned no wages, so far as the record shows. Appellant never saw the child that was subsequently born, and which died in June of 1924, and made no attempt to ascertain whether the wife or child required any further support or assistance from him.

I. The court instructed the jury, among other things, as follows:

"To excuse the defendant from maintaining or supporting his wife or child, he must show that he was without fault, if

you find that his wife or child was neglected and in a destitute condition.''

This instruction cannot be sustained. The statute provides that one essential element of the crime charged is that the failure to care for a dependent is ''without good cause.'' It is incumbent upon the State to establish this element of the offense. *State v. Weymiller*, 197 Iowa 1273. It was not incumbent upon appellant to show that he was ''without fault.'' True, he might offer this as a defense in his behalf; but the burden rested, at all times, upon the State to show beyond a reasonable doubt that appellant was guilty of the crime charged; and in order to do so, it was incumbent upon the State to establish the essential ingredients of the crime. The court erred in the instruction given.

1. HUSBAND AND WIFE: failure to support: burden of proof.

II. The court further instructed the jury as follows:

''You are instructed, however, as a matter of law, that the defendant has failed to show any conduct on the part of his wife which would justify him in refusing to live with her, or in failing to furnish her support or maintenance, and that, as to her, his only excuse herein is inability to furnish such support; and unless you find, by a preponderance of the evidence, that he was unable to earn money or provide means for her support, in whole or in part, and if you find from the evidence, as herein explained, that she or the child was in destitute condition, and do not find that his failure to furnish maintenance or support was because of his inability to provide the same, in whole ·or in part, then you would be warranted in finding him guilty.''

2. HUSBAND AND WIFE: instructions: unallowable assumption.

This instruction cannot be sustained. Under the record, it was error for the court to tell the jury that, *as a matter of law*, appellant had failed to show any conduct on the part of his wife which would justify him in refusing to live with her or support her. This placed a burden upon appellant in a criminal case which the law does not place upon him. Granted, for the sake of the argument, as contended by the State, that, in a criminal case, it is not reversible error for a court to state that certain facts are undisputed in the record, where such is the case, that rule has no application to the instruction in question, where

the court told the jury, *as a matter of law*, that appellant had failed to show any conduct on the part of his wife that would justify him in failing to support her. The instruction is obviously erroneous, and cannot be upheld.

III. The court instructed the jury with regard to the $500 paid by appellant to his wife at the time of their marriage, the concluding portion of said instruction being as follows:

"* *.* or if you find from the evidence that she and said child, or either of them, did not receive proper support or provision from the defendant, after having applied said five hundred dollars to their support, maintenance, and expense, then you would be warranted in finding the defendant guilty, unless he has by the evidence herein, shown inability to furnish her or the child further support, in whole or in part."

3. HUSBAND AND WIFE: failure to support: essential elements.

This instruction is erroneous. The instruction omits the essential ingredients of the offense, as heretofore set forth. Mere proof of failure to support, without more, will not support a conviction under the statute.

IV. The court gave to the jury a stock instruction defining reasonable doubt, but, evidently by inadvertence, nowhere in the instructions, in words or effect, told the jury that it must be satisfied of the guilt of appellant, beyond a reasonable doubt, in order to justify a verdict of conviction. The proper burden was nowhere placed upon the State in the instructions that were given, and it was error to fail so to do.

4. CRIMINAL LAW: instructions: reasonable doubt.

V. Other instructions argued by appellant on appeal do not appear to have been excepted to in the trial court, and we therefore do not consider them.

For the errors pointed out, the judgment appealed from must be, and it is, reversed, and a new trial granted.—*Reversed and remanded.*

EVANS, ALBERT, and MORLING, JJ., concur.