STATE OF IOWA, Appellee, v. WILLIAM C. BRODIE, Appellant.

NOVEMBER 20, 1928.

*Volney Diltz*, for appellant.

*John Fletcher*, Attorney-general, *C. S. Missildine*, County Attorney, and *Carl Burkman*, Assistant County Attorney, for appellee.

KINDIG, J.—The period of desertion covered by the indictment extended from the 21st day of October, 1926, to January 14, 1927. Rebecca Brodie, six years of age, is the child which the State charges was neglected by the defendant. She is the daughter of the defendant and his former wife, Cecelia Brodie. On October 23, 1921, the father and mother were married, and afterwards divorced, March 7, 1924, at which time the mother was awarded custody of Rebecca, and given alimony for the support of the minor daughter.

It is the contention of the State that, during the interim named in the indictment, the defendant contributed but a small sum for the baby's care and keep. Controversy arises between the parties as to the exact amount. In all events, according to the prosecution, there was not enough to maintain the daughter. Her sustenance was obtained through the mother's employment at a wage of from $6.00 to $10.00 per week. Added to this there were certain contributions made by Mrs. Brodie's relatives.

Defendant's excuse for not having contributed more was his physical incapacity and inability to obtain work. He states that he had fallen arches "to the third degree," and because thereof was unable to stand upon his feet. Furthermore, it is his claim that, prior to his marriage, he suffered a fracture of the skull, which now causes dizziness and fainting spells. Hard labor aggravates this condition, he insists, so that it has been impossible for him to obtain employment where he could perform the requirements thereof while sitting down. Also, defendant declares that his father and brother offered a home to both the child and its mother.

Many assignments of error are made. We have considered them all, and find it unnecessary to further discuss but two of them. These relate to the court's instructions to the jury.

I. Number 7 thereof is as follows:

"Therefore, if you find from the evidence, beyond a reasonable doubt, that the defendant neglected to furnish his minor child necessary and proper food, clothing, and shelter, it is then incumbent upon the defendant to show, by a preponderance or greater weight of evidence, that such neglect was not willful."

Objection to that charge is founded upon the thought that it places a burden of proof upon the defendant which, under the law, he is not required to assume. By previous paragraphs, the jury were told that the burden was upon the State to prove the defendant guilty beyond all reasonable doubt. Nevertheless, the instruction in question is inconsistent therewith, and modifies those general statements to the extent indicated in the quotation. Under the law of this state, the defendant in the case at bar was at no time burdened with the duty of proving himself innocent, nor was it necessary for him to show that his acts relating to the child's support, or lack thereof, were not willful. Section 13235 of the 1927 Code provides:

"Proof of the *desertion of wife*, child, or children in destitute or necessitous circumstances or of neglect to furnish such wife, child, or children necessary and proper food, clothing, or shelter, shall be prima-facie evidence that such desertion or neglect was willful."

That legislation, however, does not cast the burden of proof

upon the defendant, but at all times requires the State to sustain guilt beyond a reasonable doubt. However, in meeting this demand the State has a right to take advantage of the "prima-facie evidence" furnished by Section 13235, supra. To put the idea in another way, it was the duty of the jury to take into consideration the "prima-facie evidence" above named, excuses and explanations, if any, offered by the defendant, and all other testimony admitted in evidence, as well as the lack thereof, in determining whether or not there was guilt beyond a reasonable doubt. See *State v. Fortune*, 196 Iowa 995, and *State v. Jackson*, 205 Iowa 592.

This pronouncement is not in conflict with *State v. Hill*, 161 Iowa 279, because in that case the discussion indulged in by the court relating to the burden of proof in reference to the defendant's "inability to furnish the support" was called forth by an assignment of error growing out of the failure to instruct on such lack of ability. A special charge relating to such inability was not there deemed necessary by us until the defendant furnished some proof in that respect to which it could relate. Such, however, is not the problem now presented here.

An analogy for the theory of this discussion may be found in our previous cases relating to the doctrine regarding unexplained possession of property recently stolen in larceny, burglary, and breaking and entering cases. A consideration of a few representative decisions with reference to that principle will suffice. *State v. Brady*, 121 Iowa 561, contains this language:

"The law does not attach a 'presumption of guilt' to any given circumstance, nor does it require the accused to 'overcome the presumption thereby raised,' in order to be entitled to an acquittal. What the law does say is that the fact of possession is evidence of guilt upon which a conviction may properly be returned, unless the other facts or circumstance developed be such that, notwithstanding the recent possession, the jury still entertains a reasonable doubt of the defendant's participation in the crime. It is in this sense that the words *'presumption'* and *'prima-facie evidence'* [the italics are ours] must be understood when employed in this connection. * * * In 1 McClain's Criminal Law, Section 617, it is said that the rule here stated is 'sounder in principle than that which requires the defendant in

some form to overcome the presumption and establish his innocence.' That the word 'presumption,' as used in this class of cases, indicates no more than that the fact of possession is sufficient evidence to sustain a finding of guilt, is shown by the language employed in the opinion of this court in *State v. Kelly*, 57 Iowa 646 * * * ."

*State v. Harris*, 194 Iowa 1304, consistently says:

"It is the rule in a prosecution for larceny that proof of defendant's possession of recently stolen property, where such possession is unexplained, constitutes sufficient *prima-facie evidence* [the italics are ours] to warrant the jury in finding the defendant guilty of the larceny. It is also true that, where it appears that such larceny must have been committed in connection with a burglary or a robbery, then such unexplained possession is also sufficient *prima-facie proof* [the italics are ours] to warrant a conviction of burglary or robbery, as the case may be. *It is not correct to say that any burden of proof is cast upon the defendant.* [The italics are ours.] Such an instruction [the one condemned] implies a legal presumption of guilt obligatory upon the jury, if the defendant fail to meet the burden thus cast upon him."

*State v. Jackson*, supra, continues to uphold the previous pronouncements with the following phraseology:

" * * * the jury were told that, in the sovereign's attempt to furnish the proof, assistance therein could be found in the circumstance concerning the possession of recently stolen property, while the reasonable-doubt rule was preserved. This is in harmony with the theory explained in *State v. Fortune*, 196 Iowa 995, where it was aptly said: 'In the instant case the jury was instructed, in substance, that the possession of goods recently stolen from a building by breaking and entering, without reasonable explanation that the goods were obtained otherwise than in the commission of the crime of breaking and entering, is sufficient evidence to warrant the conclusion that the person having such possession is the person who broke and entered the building, unless the evidence showing such possession and the other facts and circumstances, as disclosed by the evidence, create a reasonable doubt whether the person so having posses-

sion of said goods came into the possession of same otherwise than by the breaking and entering of the building in which such goods were kept. * * * The recent possession by the defendant of goods taken from a building feloniously broken and entered is an evidential fact, and unless the evidence in relation to that possession and the explanation thereof creates a reasonable doubt of the defendant's guilt, a jury is justified in returning a verdict of guilty. In other words, if the evidence shows beyond a reasonable doubt that the goods, wares, and merchandise in question were taken at the time of the breaking and entering, and that said goods were recently in the possession of the defendant, a jury is warranted in finding him guilty.' ''

So, in the present case, a conviction, if it had been returned by the jury upon prima-facie evidence named in the statute before mentioned, would have been sufficient, when considered with the whole record, to support a verdict of guilty, in the event the jury were thereby convinced beyond a reasonable doubt. Without the statutory "prima-facie evidence," in some cases there might be lacking support for an essential element of the crime,—to wit, the willfulness thereof. Hence the legislature provided the statutory "prima-facie evidence." Yet the defendant at no time was burdened with the duty of producing evidence, even to the extent of a preponderance. Had he so desired, he could have refrained from introducing any testimony. But, nevertheless, at all times the burden of proof would have remained with the State, notwithstanding the "prima-facie evidence" under said statute.

There is not removed by the statute the prerequisite that, before a verdict of guilty can be returned, the jury must be convinced beyond a reasonable doubt, and this is so even though the defendant has not produced a preponderance of evidence in his own behalf. Were it otherwise, the effect would be to direct a verdict in favor of the State when the prima-facie evidence afforded by the statute is present and not rebutted by the preponderance named in the district court's instructions.

Reversible error, therefore, exists in the charge about which complaint is made.

II. Succeeding the foregoing charge to the fact-finding body is the following, Number 8:

"In determining whether the child was in a destitute condition, as herein defined, the fact, if it be a fact, that said minor child was supplied with food, clothing, and shelter by others than the defendant does not establish the fact that said child was not destitute."

Grievance is predicated thereon. The identical instruction was condemned in *State v. Sayre*, 206 Iowa 1334. For the purpose of brevity, the following portion of that opinion is quoted at this juncture:

"Complaint is more specifically directed to the portion of the court's language embodied within the following phrase: 'By others than the defendant.' To put the thought in another way, the defendant insists that his former wife, the mother of the minor children, was equally liable with him for the support and care of the minor son and daughter. So he concludes that there is support in the record to show that she did sufficiently provide for them to the extent that they were not 'in a destitute condition,' within the meaning of the statute aforesaid [13230 of the 1927 Code]. Resultantly, he argues that the court should have submitted the idea to the jury accordingly; but rather than doing this, that tribunal excluded from the consideration of the fact-finding body the support coming from any person except the defendant. Thereby, such contributions on the part of the wife were not presented as a cause relieving the otherwise 'destitute condition' of these children. We believe there is merit in the defendant's proposition. * * * Each parent is liable for the minor child's maintenance. Code of 1927, Sections 5298 and 10459. * * * A divorce, however, does not change the theory of the law in this respect; for the common-law liability of each parent to support the children continues, nevertheless. * * * Therefore, the wife had a constant continuing duty to support these children, and when she performed that obligation, she did not thereby necessarily lay the foundation for a criminal prosecution against the father because he failed to discharge his liability, and in that way make inessential the fulfillment of her responsibility. Consequently, the children were not in a 'destitute condition,' as contemplated by the statute, if the mother, in the discharge of her maternal duty, sufficiently supported

them. Error appears in the court's instructions because this thought was not embodied therein.''

Wherefore, the judgment of the district court is reversed, and the cause remanded for a retrial.—*Reversed and remanded.*

Stevens, C. J., and Evans, Faville, and Wagner, JJ., concur.