Dr. Joseph L. Stech, Appellee, v. Edith Jones Holmes, Appellee; James H. Jones, Appellant.

No. 40205.

April 14, 1930.

Rehearing Denied September 26, 1930.

*Havens & Elston,* for appellant.

*H. C. Churchman,* for Dr. Joseph L. Stech, appellee.

Faville, J.—Appellant and his wife were divorced, and the wife was awarded the custody of the four minor children of said parties, aged 10, 9, 8, and 3 years. The wife has remarried, and judgment by default has been entered against

her. By the decree of divorce the appellant was required to pay his wife alimony in the sum of $75 per month, which was afterward reduced to $50 per month, and on March 1, 1928, a final settlement was made between said parties, by which a lump sum of $1,300 was paid by the appellant to his wife, in full settlement of alimony. The wife has retained the custody of said children since said divorce, and they live with her in Council Bluffs, Iowa, the appellant living on a farm near Dunlap, Iowa.

The stipulated facts show that the appellee performed an emergency operation upon one of said minor children on the 23d day of December, 1928, and a like emergency operation upon another one of said children on the 12th day of January, 1929; that a certain hospital in Council Bluffs furnished medicine and hospital services and attention for certain of said minor children; and that the claim of said hospital has been duly assigned to appellee. The said services were all performed at the instance of said minors, respectively, and were necessaries so furnished to said minors, and the amount sought to be recovered is the fair and reasonable amount.

The sole question for our determination is whether or not, under the stipulated facts which we have substantially recited herein, the appellant is liable for the necessaries so furnished to his said minor children.

It is the rule in this state that, if the parent of a minor child neglects to provide the necessaries for said minor, the parent is liable to a stranger who furnishes the same, even though the child is not living with said parent, or within the parent's custody. *Porter v. Powell,* 79 Iowa 151; *Guthrie County v. Conrad,* 133 Iowa 171. It is also the rule in this state that, notwithstanding that the parents of a minor child are divorced, and the custody of a minor child has been given to one of said parents, the other parent is liable to a stranger for the reasonable value of necessaries furnished to such child. *Debrot v. Marion County,* 164 Iowa 208; *Davies Dry Goods Co. v. Retherford,* 195 Iowa 635. See, also, *State v. Sayre,* 206 Iowa 1334; *State v. Brodie,* 206 Iowa 1340. The fact that the parents have been divorced, and that there has been an award of alimony to the parent given the custody of a child, which alimony has been paid in full by the other party, does not relieve such par-

ent of liability, in a proper case, for necessaries furnished to said minor child. *State v. Manley,* 197 Iowa 46.

Appellant places great reliance upon *Town of Farmington v. Jones,* 36 N. H. 271, and *Kelley v. Davis,* 49 N. H. 187. In *Porter v. Powell,* supra, we referred to said cases, as well as to *Gordon v. Potter,* 17 Vt. 348, as recognizing the rule contended for by appellant, and said in regard thereto: "A different doctrine has long since been held in this state." The contentions of appellant appear to be fully answered by our discussion in our own cases cited supra, and we do not deem it necessary to repeat the discussion at length in this opinion.

Appellant contends that the location of the parties was such that the appellant should have been notified of the necessity for the rendition of the services before they were rendered, and that he is absolved from liability because of such failure to notify him. The stipulation of facts, however, discloses that the services were necessary, and were rendered in an emergency. Therefore, under the stipulation, the failure to notify the appellant would, in any event, not bar recovery, because of the admitted emergency which required the rendition of the services.

Section 10459, Code, 1927, is as follows:

"The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

We have applied such statute in a case where a decree of separate maintenance had been entered, and where the children were living with one parent, and the other was held liable. *Davies Dry Goods Co. v. Retherford,* supra. We have applied the same rule in a case of a divorce. *Debrot v. Marion County,* supra.

The judgment of the district court was correct, under the stipulation of facts and the law applicable thereto, and it is— *Affirmed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.