State of Iowa, Appellant, v. Louis Arnold Nichols, Jr., Appellee.

No. 42536.

December 11, 1934.

Carl A. Burkman, County Attorney, and Francis J. Kuble, Assistant County Attorney, for appellant.

T. H. Haynes, for appellee.

Donegan, J.—The defendant, Nichols was tried in the district court of Polk county, Iowa, under an indictment, charging that he had deserted his children. At the close of all the evidence, the defendant moved the court to direct a verdict in his favor, and this motion was sustained and judgment entered discharging defendant. From this judgment the state appeals.

The evidence showed without dispute that the defendant and the mother of the children were married at Boone, Iowa, in 1925; that they lived in Des Moines thereafter, and that they then moved to Little Rock, Arkansas. The defendant's wife returned to Des Moines in 1931 and instituted a divorce action there. Defendant, hearing about the divorce action, came to Des Moines, the divorce action was dropped, and both defendant and his wife returned to Arkansas. In May, 1932, the defendant's wife was granted a divorce at Little Rock, Arkansas. The decree of divorce is not in the record in this case. Sufficient appears, however, to indicate that the divorce was granted to the wife and that the decree contained some provision that required the defendant to contribute to the support of

the two minor children, aged six and eight, respectively. After the divorce had been granted to the wife of defendant in Arkansas, she returned to Des Moines, and, as the result of correspondence with her, the defendant returned to Iowa in the latter part of the year 1932. The evidence shows that the defendant, who was then in Mississippi, first went to Davenport, from which place his divorced wife had written to him, and, not finding her there, he came to Des Moines; that, after reaching Des Moines, he did odd jobs and remained in Des Moines and vicinity until he returned to Arkansas, where he had secured a job working on commissions. This work was not remunerative, and he went to Newton, Iowa, where he worked for about a month in a grocery store and again returned to Arkansas. During all the time from the date of the divorce in Arkansas in 1932, until the time of the trial, the total contributions of the defendant toward the support of his children amounted to $11.

The motion for a directed verdict was based upon two principal grounds: First, that the court had no jurisdiction over the defendant because he was a nonresident of the state, and the crime of child desertion, if any, was committed in the state of Arkansas; and, second, that the record in this case was insufficient to sustain a verdict of guilty. The court sustained the motion generally. A large part of appellant's argument is devoted to the questions as to the residence of the defendant and the jurisdiction of the court to prosecute for child desertion, but, in the view we take of the case, it is unnecessary to go into a discussion of these matters. If the record in this case is not sufficient to support a verdict of guilty, then the trial court's ruling must be sustained.

The statute under which the defendant was prosecuted is section 13230 of the Code of 1931, which is as follows:

" * * * Every person who shall, without good cause, wilfully neglect or refuse to maintain or provide for his wife, she being in a destitute condition, or who shall, without good cause, abandon his or her legitimate or legally adopted child or children under the age of sixteen years, leaving such child or children in a destitute condition, or shall, without good cause, wilfully neglect or refuse to provide for such child or children, they being in a destitute condition, shall be deemed guilty of desertion and, upon conviction, shall be punished by imprisonment in the penitentiary for not more than one year, or by imprisonment in the county jail for not more than six months."

The part of the section with which we are concerned is that in which it is provided that:

"Every person who shall, * * * without good cause, abandon his or her legitimate or legally adopted child or children under the age of sixteen years, leaving such child or children in a destitute condition, or shall, without good cause, wilfully neglect or refuse to provide for such child or children, they being in a destitute condition, shall be deemed guilty of desertion * * *."

It will be noticed that, in order to constitute the offense of desertion, the party charged must *wilfully* and *without cause* abandon or refuse to provide for his child or children. Under the provisions of this statute, the burden was on the state to prove that the desertion was both wilfull and without cause. State v. Gude, 201 Iowa 4, 206 N. W. 584; State v. Brodie, 206 Iowa 1340, 222 N. W. 23. We think the state failed to sustain the burden thus imposed upon it. While it may seem strange and almost unbelievable that the defendant was not able to contribute more than $11 to the support of his children from the time the divorce was granted in Arkansas in May, 1932, until the time of the trial in January, 1934, this is not sufficient to sustain a conviction under the statute. The state must show more than the failure of defendant to provide for his children. A careful examination of the evidence indicates that the defendant made every effort to procure employment during the time here involved, not only searching for such employment himself but using the efforts and influence of his family and friends. It further shows that the few jobs which he secured paid so little that it cannot be said that his wages were more than sufficient to support himself, or that he could have contributed any more to the support of his children than the amount shown by the evidence. During the time involved in this action, the entire country was going through an unprecedented depression, and not only defendant but millions of men were unable to obtain employment. It would certainly be a strange perversion of justice if the defendant could be convicted and punished for failure to support his children in such times as these without a showing on the part of the state that he had wilfully and without cause abandoned them and refused to support them. We think the record in this case not only shows that the state failed to sustain the burden

imposed upon it, but that it shows affirmatively that the defendant did not wilfully and without cause abandon or refuse to support his children.

The judgment of the trial court is affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, ALBERT, KINDIG, and KINTZINGER, JJ., concur.