STATE OF IOWA, Appellee, v. VERNON ·E. UNGRY, Appellant.

No. 47270.

(Reported in 33 N. W. 2d 381)

AUGUST 2, 1948.

Vernon P. Long, of Red Oak, for appellant.

Robert L. Larson, Attorney General, Don Hise, First As-

sistant Attorney General, and Robert J. Reilley, County Attorney, for appellee.

HÁYS, J.—Vernon E. Ungry, defendant, was indicted, tried and convicted of the crime of desertion, as defined in section 731.1, Code of 1946. From a judgment in accordance therewith, he appeals.

Section 731.1, Code of 1946, so far as material here, provides:

"Every person who shall * * * without good cause, willfully neglect or refuse to provide for such child or children, they being in a destitute condition, shall be deemed guilty of desertion * * *."

Appellant assigns three alleged errors upon the part of the trial court as the basis for a reversal: (1) In overruling his motion for a directed verdict, at the close of the State's evidence. (2) In overruling his motion at the close of all of the evidence. (3) In overruling his motion for a new trial. While these assigned errors are in the nature of an omnibus assignment, an examination of the record shows that all three motions are predicated upon the alleged insufficiency of the evidence to sustain the conviction. The three assigned errors will be considered together and on that basis.

Appellant and Anna Ungry, his wife, are the parents of four children, ages twenty, eighteen, sixteen and ten years. In December 1946, under a default decree, Anna Ungry was granted a divorce, the custody of all the children and title to the home. Appellant was required to pay $40 each month for the support of the three younger children during their minority. He paid $40 January 3, 1947 and $30 February 3, 1947. There were no further payments. The indictment charges the desertion as "on or about March 1, 1947."

The record shows that Anna Ungry obtained, under the divorce decree, all of the household furnishings. The home, which was awarded to her by the decree, is worth approximately $3500 and has a mortgage on it for about $1000. The home is equipped with a gas furnace and telephone. Anna Ungry is employed at a wage of about $28 per week. She had made

application to the Social Welfare office for assistance, but was refused. The only evidence in the record as to the condition of the children is as follows: Mrs. Ungry testified:

"Q. On March first, 1947, did your minor children have sufficient food? A. No. Q. Did your minor children on that same date have sufficient clothing? A. No. Q. And on that same date, Mrs. Ungry, was there sufficient provisions for heating your home? A. With a gas furnace. I paid the gas bill. Q. Was it necessary for you to have employment to partially provide for your three minor children? A. Yes. Q. Does that employment fully provide for those three minor children? A. No."

The record does not show when appellant and his wife separated, but she states the last time she requested aid from appellant was in July 1946.

The record further shows that appellant is afflicted with sinus trouble and was hospitalized for a few days in January 1947; that upon the advice of his physician he went to Colorado for a change of climate, where his employment was not steady. There is nothing in the record as to appellant's earnings or earning capacity although he states he has paid all he could. The foregoing constitutes the substance of the record in the case.

Is the evidence sufficient to sustain the verdict of guilty? In State v. Weymiller, 197 Iowa 1273, 1278, 198 N. W. 780, 782, in commenting on the statute in question, this court said:

"It is obvious that, in order to sustain a conviction under this provision of the statute, it must be established that the dependent was 'in a destitute condition;' that the neglect or refusal to provide for the dependent was 'without good cause;' and that the act was done 'willfully.' All three of these essentials must be established."

See, also, State v. Gude, 201 Iowa 4, 206 N. W. 584; State v. Brodie, 206 Iowa 1340, 222 N. W. 23; State v. Nichols, 219 Iowa 309, 311, 257 N. W. 813, 815, wherein we said, "The State must show more than the failure of defendant to provide for his children."

In State v. Manley, 197 Iowa 46, 54, 196 N. W. 724, 727, we said:

"To constitute the crime charged against the defendant, within the meaning of the statute, it is not necessary that his children be left absolutely unhoused, unclothed, and in a condition of actual starvation, but it will be sufficient if they are in a condition of great need, a state of extreme poverty, or are without money or property upon which to rely for support, and dependent upon charity. [Citing] State v. Weyant, 149 Iowa 457; State v. Conway, 182 Iowa 1236."

In Stech v. Holmes, 210 Iowa 1136, 1137, 230 N. W. 326, we said:

"The fact that the parents have been divorced, and that there has been an award of alimony to the parent given the custody of a child, which alimony has been paid in full by the other party, does not relieve such parent of liability, in a proper case, for necessaries furnished to said minor child."

We said in State v. Sayre, 206 Iowa 1334, 1340, 222 N. W. 20, 22:

"Consequently, the children were not in a 'destitute condition' as contemplated by the statute, if the mother, in the discharge of her maternal duty, sufficiently supported them."

See, also, State v. Brodie, supra, 206 Iowa 1340, 222 N. W. 23.

The above record is insufficient to show want of any kind upon the part of the minor children. It does show by the above-quoted testimony of the mother that in her judgment they do not have sufficient food and clothing. "Sufficient" however is a relative term, and as stated in State v. Baugh, 198 Iowa 897, 899, 200 N. W. 313:

"The gravamen of the crime charged * * * is the willful neglect or refusal of a parent to provide support for a destitute child * * * It was not necessary that the provisions made by appellant to relieve the children from destitution, and to provide them with the necessary housing, food, and clothing,

be entirely satisfactory to prosecutrix, or meet her preference in the matter."

Under this record there is such an insufficiency of evidence of a "destitute condition" of the minor children, without regard to the other essential elements of the crime, to wit, "willfulness" and "without good cause", that the judgment must be reversed and the charges dismissed.—Reversed.

Sᴍɪᴛʜ, C. J., and Oʟɪᴠᴇʀ, Bʟɪss, Hᴀʟᴇ, Wᴇɴɴᴇʀsᴛʀᴜᴍ, Mᴀɴᴛᴢ, and Mᴜʟʀᴏɴᴇʏ, JJ., concur.